APPEAL

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:00-cr-00632-WHP-17
### Internal Use Only

Case title: USA v. Lino, et al

Date Filed: 06/14/2000
Date Terminated: 09/03/2003

Assigned to: Judge William H. Pauley, III

Appeals court case numbers: 03-1487, 03-1487.

**Defendant (17)**

**Glenn B. Laken**
*TERMINATED: 09/04/2003*

represented by **Gerald B. Lefcourt**
Law Office Gerald B. Lefcourt
148 East 78th Street
New York, NY 10021
(212)737-0400
Email: lefcourt@lefcourtlaw.com
*TERMINATED: 09/04/2003*
*LEAD ATTORNEY*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962-3300.F INTERSTATE COMMERCE - (Title 18 USC Section 1962(d).) (2sss) | Imprisonment: 63 Months. Supervised Release: 2 Years. Fine: $100,000.00. |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (9sss) | Imprisonment: 63 Months. Supervised Release: 2 Years. Fine: $100,000.00. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION - (Title 18 USC Sections 1343, 1346, and 2.) (10sss) | Imprisonment: 63 Months. Supervised Release: 2 Years. Fine: $100,000.00. |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD - (Title 18 USC Sections 1954 | Imprisonment: 63 Months. Supervised Release: 2 Years. Fine: $100,000.00. |

and 2.)
(11sss)

18:1343.F FRAUD BY WIRE, RADIO,
OR TELEVISION - (Title 18 USC
Sections 1343 and 2.)
(12sss)

Imprisonment: 63 Months. Supervised
Release: 2 Years. Fine: $100,000.00.

18:1343.F FRAUD BY WIRE, RADIO,
OR TELEVISION - (Title 18 USC
Sections 1343, 1346 and 2.)
(13sss)

Imprisonment: 63 Months. Supervised
Release: 2 Years. Fine: $100,000.00.

18:1954.F EMPLOYEE BENEFITS -
FRAUD - (Title 18 USC Sections 1954
and 2.)
(14sss)

Imprisonment: 63 Months. Supervised
Release: 2 Years. Fine: $100,000.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1962-7480.F RACKETEERING
(1)

**Disposition**

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F
RACKETEERING-18:1962(c)
Racketeering
(1s)

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F RACKETEERING -
(Title 18 USC Section 1962(c).)
(1ss)

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F RACKETEERING -
(Title 18 USC Section 1962(c).)
(1sss)

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F RACKETEERING
(CONSPIRACY)
(2)

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F
RACKETEERING-18:1962(d)
Racketeering Conspiracy
(2s)

Underlying and open counts are
dismissed on the motion of the US

18:1962-7480.F RACKETEERING -
(Title 18 USC Section 1962(d).)
(2ss)

Underlying and open counts are
dismissed on the motion of the US

| | |
|---|---|
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (11ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION - (Title 18 USC Sections 1343, 1346, and 2.) (12ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD - (Title 18 USC Sections 1954 and 2.) (13ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (14) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION - (Title 18 USC Sections 1343 and 2.) (14ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (THEFT OF HONEST SERVICES) (15) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION - (Title 18 USC Sections 1343, 1346, and 2.) (15ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD (KICKBACKS) (16) | Underlying and open counts are dismissed on the motion of the US |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES-18:371 Conspiracy (16s) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD - (Title 18 USC Sections 1954 and 2.) (16ss) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD (KICKBACKS) (17) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION-18:1343,1346,2 Wire Fraud (17s) | Underlying and open counts are dismissed on the motion of the US |

| | |
|---|---|
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (18) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD-18:1954,2 Payment of Illegal Kickbacks (18s) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (THEFT OF HONEST SERVICES) (19) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD-18:1954,2 Payment of Illegal Kickbacks (19s) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD (KICKBACKS) (20) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION-18:1343,2 Wire Fraud (20s) | Underlying and open counts are dismissed on the motion of the US |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION-Theft of Honest Services (21s) | Underlying and open counts are dismissed on the motion of the US |
| 18:1954.F EMPLOYEE BENEFITS - FRAUD-18:1954,2 Payment of Illegal Kickbacks (22s) | Underlying and open counts are dismissed on the motion of the US |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| USA | represented by | **Patrick J. Smith**<br>U.S. Attorney's Office, SDNY (St Andw's)<br>One St. Andrew's Plaza |
|---|---|---|

New York, NY 10007
(212) 637-2409
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2000 | 1 | SEALED INDICTMENT as to Robert A. Lino (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, James S. Labate (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, Frank A. Persico (3) count(s) 1, 2, 5, 6, 9, 10, 11, 12, 14, 15, 16, 21, Anthony P. Stropoli (4) count(s) 1, 2, 11, 13, Salvatore R. Piazza (5) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 25, Stephen E. Gardell (6) count(s) 1, 2, 14, 18, 19, 22, Cary F. Cimino (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 12, 23, Sebastian Rametta (8) count(s) 1, 2, 24, 25, James F. Chickara (9) count(s) 1, 2, 24, 25, Ralph Dematteo (10) count(s) 13, Robert P. Gallo (11) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Michael T. Grecco (12) count(s) 1, 2, 13, 26, John M. Black (13) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Angelo Calvello (14) count(s) 1, 2, 14, 20, 24, Joseph A. Mann (15) count(s) 1, 2, 3, 4, 14, 15, 16, 17, 18, 19, 20, 21, William M. Stephens (16) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Glenn B. Laken (17) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Gene Phillips (18) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, A. Cal Rossi (19) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Vincent G. Langella (20) count(s) 1, 2, 9, 10, 21, William F. Palla (21) count(s) 1, 2, 7, 8, 9, 10, Todd M. Nejaime (22) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Steven J. Dapuzzo (23) count(s) 11 (jm) Modified on 09/06/2001 (Entered: 06/15/2000) |
| 06/14/2000 | 2 | ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, Unsealing Indictment this is copy of original order maintained in 00 cr 632 ( Signed by Magistrate Judge Frank Maas ); Copies mailed. (jm) Modified on 06/14/2001 (Entered: 06/15/2000) |
| 06/14/2000 | | Indictment unsealed as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (jm) Modified on 06/14/2001 (Entered: 06/15/2000) |
| 06/14/2000 | | (Court only) **Remove sealed flag - case no longer sealed as to any party. (jm) (Entered: 06/15/2000) |

| 06/14/2000 | | (Court only) **Added Government Attorney Patrick J. Smith (jm) (Entered: 06/15/2000) |
|---|---|---|
| 06/14/2000 | 3 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (af) Modified on 06/14/2001 (Entered: 06/16/2000) |
| 06/14/2000 | | ARREST of Glenn B. Laken in Northern Illinois (jm) (Entered: 06/22/2000) |
| 06/22/2000 | 43 | Rule 40 Documents as to Glenn B. Laken received from Northern District of Illinois (jm) (Entered: 06/22/2000) |
| 06/22/2000 | 56 | NOTICE of Appearance for Glenn B. Laken by retained J Attorney Gerald B. Lefcourt (mb) (Entered: 06/26/2000) |
| 06/22/2000 | | Arraignment as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo held Robert A. Lino (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, James S. Labate (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, Frank A. Persico (3) count(s) 1, 2, 5, 6, 9, 10, 11, 12, 14, 15, 16, 21, Anthony A. Stropoli (4) count(s) 1, 2, 11, 13, Salvatore R. Piazza (5) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 25, Stephen R. Gardell (6) count(s) 1, 2, 14, 18, 19, 22, Cary F. Cimino (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 12, 23, Sebastian Rametta (8) count(s) 1, 2, 24, 25, James F. Chickara (9) count(s) 1, 2, 24, 25, Ralph Dematteo (10) count(s) 13, Robert P. Gallo (11) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Michael T. Grecco (12) count(s) 1, 2, 13, 26, John M. Black (13) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Angelo Calvello (14) count(s) 1, 2, 14, 20, 24, William M. Stephens (16) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Glenn B. Laken (17) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Vincent G. Langella (20) count(s) 1, 2, 9, 10, 21, William F. Palla (21) count(s) 1, 2, 7, 8, 9, 10, Todd M. Nejaime (22) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Steven J. Dapuzzo (23) count(s) 11 before Magistrate Judge Douglas F. Eaton. AUSA Stefanie Isser present. Dft. Lino present with atty. Joseph Benfante; enters not guilty plea; Bail(cont. $ 2 million PRB; cosigned by 5 FRP; strict PTS; electronic monitoring; house arrest. Dft. Labate present with atty. Mark Wasserman; not guilty plea entered; Bail (cont. $ 2 million PRB; cosigned by 5 FRP; strict PTS elctronic monitoring; house arrest); Dft. Persico present with atty. Jeff Hoffman; not guilty plea entered; bail (cont. $1 million PRB; secured by $750,000 cash/surety strict PTS); Dft. Stropoli present with atty. Richard Rosenberg; not guilty plea entered; bail(cont. $750,000 PRB; secured by $300,000 cash/surety; cosigned 3 FRP; strict PTS; surrender travel |

documents). Dft. Piazza present with atty. Jeffrey Hoffman; not guilty plea entered; bail (cont. $250,000 PRB; secured by property; surrender P/P; reg PSA; travel limits extended to N.J. Dft. Gardell present with atty. Vincent Romano; not guilty plea entered; Bail (cont. $500,000 PRB secured by property ; surrender P/P; regular PSA). Dft. Cimino (detained) with atty. Angela Turiano; not guilty plea entered. Dft. Rametta present with atty. William Fleming; not guilty plea entered; Bail (cont. $ 1 million PRB; secured by home ; regular PSA; surrender P/P; travel SDNY, EDNY, Washington D.C. & N.J. 1 week); Dft. Chickara present with atty. Robert Gage; not guilty plea entered; bail(cont. $ 1 million PRB; secured by real property; surrender P/P; regular PSA; travel EDNY, NJ and district of Nevada). Dft. Ralph Dematteo present with atty. Matthew Mari not guilty plea entered; bail(cont. $500,000 PRB; securd by property; regular PSA; surrender P/P; travel EDNY, SDNY and NJ). Dft. Robert P. Gallo present with atty. Matthew Mari; not guilty plea entered; bail (cont. $ 1 million PRB; secured by home; cosigned by 2 FRP; strict ZPSA; surrender P/P; drug testing & treatment). Dft. Greco present with atty. Mark Gombiner; not guilty plea entered; bail (cont. $200,000 PRB; secured by property; cosigned 2 FRO; surrender P/P; regular PSA). Dft. Black, Jr. present with atty. William Delaney; not guilty plea entered; bail (cont. $ 1 million PRB; cosigned by wife; secured by home; surrende travel docs.); Dft. Calvello present with atty, Stuart Orden not guilty plea entered; bail (cont. $500,000 PRB; cosigned 2 FRP; regular PSA; surr P/P); Dft. Mann is a fugitive; Dft. Stephens present with atty. Howard Heinz; not guilty plea entered; bail at $ 1 million PRB, secured by dft's home PTS, process by marshals, travel to Illinois, Indiana and Maryland; Dft. Laken present with atty. Gary Becker; not guilty plea entered; bail at $ 1 million PRB, secured by $50,000 cash, travel, to Illinois and N.J. Dft. Pillips not present; plea entered by court. Dft. Cal Rossi not present; plea enterd by Court. Dft. Langella present, C.J.A. atty. Richard Rosenberg appointed. bail(cont. $500,000 PRB; secured by property; regular PSA; surrender P/P). Dft. Palla present with atty. Harvey Batchelder; not guilty plea entered; bail (continued $5000,000 PRB secured by property; reg PSA; surrender P/P travel SDNY, EDNY, Pennsylvania and Delaware). Dft Nejame present with atty. Lawrence Feld ; not guilty plea entered bail at $100,000 Broker Security Bond, S. D. of Florida, state of Floorida. Dft. Dapuzzo present with atty. lance Suede; not guilty plea entered; bail at $5000,000 surety Bond, S.D. Florida, SDNY, EDNY. Case assigned to Judge Pauley for all purposes. entered; Bail (cont. $1 (mb) Modified on 06/14/2001 (Entered: 06/26/2000)

| | |
|---|---|
| 06/22/2000 | PLEA entered by Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo . Court accepts plea. Not Guilty: Robert A. Lino (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, James S. Labate (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 8 of 110 PageID #:122

| | | |
|---|---|---|
| | | 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, Frank A. Persico (3) count(s) 1, 2, 5, 6, 9, 10, 11, 12, 14, 15, 16, 21, Anthony A. Stropoli (4) count(s) 1, 2, 11, 13, Salvatore R. Piazza (5) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 25, Stephen R. Gardell (6) count(s) 1, 2, 14, 18, 19, 22, Cary F. Cimino (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 12, 23, Sebastian Rametta (8) count(s) 1, 2, 24, 25, James F. Chickara (9) count(s) 1, 2, 24, 25, Ralph Dematteo (10) count(s) 13, Robert P. Gallo (11) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Michael T. Grecco (12) count(s) 1, 2, 13, 26, John M. Black (13) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Angelo Calvello (14) count(s) 1, 2, 14, 20, 24, William M. Stephens (16) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Glenn B. Laken (17) count(s) 1, 2, 14, 15, 16, 17, 18, 19, 20, Vincent G. Langella (20) count(s) 1, 2, 9, 10, 21, William F. Palla (21) count(s) 1, 2, 7, 8, 9, 10, Todd M. Nejaime (22) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, Steven J. Dapuzzo (23) count(s) 11 (Terminated motions - ) (mb) Modified on 06/14/2001 (Entered: 06/26/2000) |
| 06/22/2000 | | CASE assigned to Judge William H. Pauley III (mb) (Entered: 06/26/2000) |
| 06/22/2000 | 62 | Order of advice of penalties and sanctions as to Glenn B. Laken. (mb) (Entered: 06/26/2000) |
| 06/26/2000 | | Pre-Trial Conference as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo held. Dft. Lino present with atty. Joesph R. Benfante, dft. Labate present with atty. Wasserman, dft. Persico present w/atty. Michael S. Washor and Steven Brounstein, dft. Spropoli present w/atty. Matthew J. Mari on behalf of Gerald J. McMahon, dt. Piazza present with atty. Jeffrey C. Hoffman, dft. Gardell present with atty. Eric Franz, dft. Cary F. Cimino present with atty. Michael F. Bachner, dft Rametta present with atty. Robert Gage, dft. DeMatteo present w/atty Matthew J. Mari, dft. Gallo present w/atty. Matthew Mari, dft. Michael T. Grecco present w/atty Mark B. Gombiner, dft. Black present w/atty. Hafetz, dft. Calvello present w/atty. Batchelder, jr. on behalf of Jeremy Orden, dft. Mann fugitive, dft. Stephens present w/atty. Shargel, dft. Laken present with atty. Gary Becker, dft. Phillips present atty. Abbe D. Lowell and Jack P. DiCanio, dft. Rossi present w/atty. Jay Ethington, dft Langella present w/atty. Roy R. Kulscar, dft. Palla present with atty. Batchelder, Jr., dft. Nejaime present w/atty. in P. Unger, dft. Dapuzzo present w/atty Lance Croffoot-suede and Ira Sorkin, AUSA present Patrick Smith and David Esseks, Court Reporter present Jerry Harrison, Government shall provide limited dioscovery material to the dfts. in thirty days, next PTC set for 9/8/00 at 3:30 p.m., dft. Gallo travel limits extended to the District of New Jersey, dft. Persico travel limits extendeed to District of New Jersey, dft. Gardell has until end of week to secure a piece of property for bail, dft. Black, Jr. shall post the deed to his house by 7/6/00, dft. Phillips arraigned, dft. Phillips entered a plea of not guilty, bail |

| | | |
|---|---|---|
| | | conditons set order signed, dft. Rossi arraigned, dft. Rossi entered a plea of not guilty, bail conditions set order signed, SPT excluded from 6/26/00 to 9/8/00 under 18 U.S.C. 3161 (h)(8)(A)....Pauley, J (mb) Modified on 06/14/2001 (Entered: 08/03/2000) |
| 06/26/2000 | | (Court only) **Excludable XH started and stopped on 6/26/00 as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (mb) Modified on 06/14/2001 (Entered: 08/03/2000) |
| 06/26/2000 | | ORAL ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo , set pre-trial conference for 3:30 9/8/00 for Robert A. Lino, for James S. Labate, for Frank A. Persico, for Anthony A. Stropoli, for Salvatore R. Piazza, for Stephen R. Gardell, for Cary F. Cimino, for Sebastian Rametta, for James F. Chickara, for Ralph Dematteo, for Robert P. Gallo, for Michael T. Grecco, for John M. Black Jr., for Angelo Calvello, for Joseph A. Mann, for William M. Stephens, for Glenn B. Laken, for Gene E. Phillips, for A. Cal Rossi, for Vincent G. Langella, for William F. Palla, for Todd M. Nejaime, for Steven J. Dapuzzo ( Entered by Judge William H. Pauley III ) (mb) Modified on 06/14/2001 (Entered: 08/03/2000) |
| 06/28/2000 | 78 | Filed Memo-Endorsement on letter to Judge Pauley dtd. 6/23/00 from Gary G. Becker as to Glenn B. Laken, the application that Mr. Laken's appearance at the pre-trial conference on June 26, 2000 at 3 p.m. be waived is granted ( Signed by Judge Milton Pollack, Part I ); Copies mailed. (rag) (Entered: 06/30/2000) |
| 07/06/2000 | 82 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (da) Modified on 06/14/2001 (Entered: 07/07/2000) |
| 08/10/2000 | 803 | ENDORSED LETTER as to Glenn B. Laken addressed to Judge Pauley from Gary G. Becker dated 8/8/00 re: Request a temporary modification of his pre-trial travel restrictions. Mr. Laken, seeks permission to travel to Michigan and Florida. Judge Memo-endorsed..Letter application granted. SO ORDERED. (Signed by Judge William H. Pauley III on 8/8/00)(jw, ) (Entered: 04/29/2005) |

| 09/08/2000 | | Pre-Trial Conference as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo held. Dft. Lino present with atty. Joseph R. Benfante, dft. Labate present with atty. Marc O. Wasserman, dft. Frank A. Persico present w/atty. Michael S. Washor and Steven Brounstein, dft. Anthony P. Spropoli present w/atty. Joseph R. Benfante on behalf of Gerald J. McMahon, dft. Salvatore R. Piazza present w/atty. Susan Wolf on behalf of Jeffrey C. Hoffman, dft. Stephen E. Gardell present w/atty. Joseph Tacopina, dft. Cary F. Cimino present with atty. Michael F. Bachner, dft. Sebastian Rametta present w/atty. William B. Fleming, and Edward Little, dft. James F. Chickara present w/atty. Robert Gage. dft. R. DeMatteo present w/atty. Matthew J. Mari, dft. Michael T. Grecco present w/atty. Mark B. Gombiner and Ian Yankowitz, dft. John M. Black present w/atty. Frederick Hafetz, dft. Angelo Calvello present w/atty. Matthew Mari on behalf of Jeremy Orden, dft. Joseph A. Mann Fugitive, dft. William M. Stephens present w/atty. Gerald L. Shargel and Sarita Kedia, dft. Glenn B. Laken present w/atty. Abbe D. Lowell and Jack P. DiCanio dft. A. C. Rossi present w/atty. Frank H. Wohl, Dft. Vincent G. Langella present w/atty Roy Kulschar, dft. w. Palla not present w/atty. Lance Croffoot-Suede and Ira Sorkin AUSA present w/atty. Lance Croffot-Suede and Ira Sorkin, AUSA present Patrica Smith and david Esseks, Court Reporter present Tony Stanley, Trail date for historical monitoring portion set for 4/16/01, trial date for pension fund portion set for 9/17/01, discovery motions relating to particualrs due 10/10/00, Government's response due 11/1/00, dfts. reply due 11/8/00, oral argument set for 11/17/00 at 2:30 p.m., substantive motions, addressing the indictment are due 12/15/00, Government's response due 11/11/01, dft. reply 1/19/01, oral argument set for for 2/5/01, at 10:00 a.m. Dfts. Rametta and Chickara SPT excluded from 9/8/00 to 9/7/01 under 18 U.S.C. 3161 (H)(8)(a), dft W. Palla's bail condition modified to perm him to travel to Fayetteville, North Carolain as needed, Dft. Cary Cimino's atty. Michael F. Bachner relieved, new atty. Martin Geduldig is susbtituted , order signed, dft. Cary Cimino's detention continued, the remaining dfts. bail continued.....Pauley,J. (mb) Modified on 06/14/2001 (Entered: 10/02/2000) |
| 09/08/2000 | | (Court only) **Excludable XH started and stopped on 9/8/00 as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (mb) Modified on 06/14/2001 (Entered: 10/02/2000) |
| 10/17/2000 | 116 | MOTION by Glenn B. Laken Directing the government to comply immediately with its constitutional obligations under Brady v. Maryland, |

| | | |
|---|---|---|
| | | 373 U.S. 83, 104 (1963), and directing the government to make immediate disclosure of all grand jury testimony and 3500 material because of its failure to honore its obligation under Brady; , directing the government to provide a Bill of Particulars and discovery; , Joining in the pre-trial motion of co-defts; and granting any other or further relief which to this Court seems reasonable. (mb) (Entered: 10/17/2000) |
| 10/17/2000 | 117 | Memorandum of Law by Glenn B. Laken in support of [116-1] motion Directing the government to comply immeidately with its constitutional obligations under Brady v. Maryland, 373 U.S. 83, 104 (1963), and directing the government to make immediate disclosure of all grand jury testimony and 3500 material because of its failure to honore its obligation under Brady;, [116-2] motion directing the government to provide a Bill of Particulars and discovery;, [116-3] motion Joining in the pre-trial motion of co-defts; and granting any other or further relief which to this Court seems reasonable. (mb) (Entered: 10/17/2000) |
| 10/24/2000 | 139 | ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, Having heard the parties at the pretrial conference on 9/8/00, it is hereby ordered that trial of this action shall be severed as follows: 1. Trial of dfts. Lino, Labate, Persico, Stropoli, Piazza, cimino, Dematteo, Gallo, Greco, Calvello, Langella, Palla, Nejaime, and Dapuzzo shall begin on 4/16/01. Trial of dfts. Gardell, Black, Stephens, Laken, Phillips, and Rossi shall begin on 9/17/01. 3. The Court shall determine whether dfts. Rametta and Chickara shall be joined for trial with their co-defts in one of the two scheduled trials or tried separately after hearing their severance motions to be filed on 10/16/00. ( Signed by Judge William H. Pauley III ); Copies mailed. (mb) Modified on 06/14/2001 (Entered: 10/25/2000) |
| 10/30/2000 | 145 | Filed Memo-Endorsement on letter addressed to Judge Pauley from David C. Esseks/Patrick J. Smith, AUSAs as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, dated 10/25/00. Re: Government requests an extenstion of time to repond to the dfts' motions. Application granted as follows. The Government's time to file opppsition papers is extended to 11/3/00. Reply papers, if any, for all dfts. shall be served, filed, and delivered to Chambers by no later than 12:00 p.m. on 11/8/00. ( Signed by Judge William H. Pauley III). (mb) Modified on 06/14/2001 (Entered: 10/31/2000) |

| 11/03/2000 | 149 | Memorandum of Law by USA as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo in opposition to dfts. discovery motions. (mb) Modified on 06/14/2001 (Entered: 11/08/2000) |
|---|---|---|
| 11/03/2000 | 150 | AFFIRMATION by David Esseks USA as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo. Filed in night deposit on 11/3/00 at 6:44 p.m. (mb) Modified on 06/14/2001 (Entered: 11/08/2000) |
| 11/06/2000 | 147 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 9//8/00 before Judge Pauley,III. (mb) Modified on 06/14/2001 (Entered: 11/06/2000) |
| 11/06/2000 | 148 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 9/8/00 before Judge Pauley, III. (mb) Modified on 06/14/2001 (Entered: 11/06/2000) |
| 12/01/2000 | 165 | Filed Memo-Endorsement on letter addressed to Judge Pauley, III, from Gerald L. Shargel, Esq., counsel for the six dfts. in the "pension fund fraud" portion as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, dated 11/17/00. Re: Request for an eight week extenson of time from 12/1/00 to 2/1/00. Application granted in part. Substantive motions directed to the indictmwent for the pension fund dfts. are due on 1/8/01; the Government response is due on 2/2/01; reply papers are due on 2/9/01; and oral argument will be held on 2/16/01 at 3:00 p.m. ( Signed by Judge William H. Pauley III |

| | | ); Copies mailed. (mb) Modified on 06/14/2001 (Entered: 12/04/2000) |
|---|---|---|
| 12/04/2000 | 166 | LETTER filed as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo From Frank H. Wohl, Esq., Dated 12/1/00, Addressed to: Judge Pauley,III Re: In reply to the government's letter dated 11.28.00. (mb) Modified on 06/14/2001 (Entered: 12/05/2000) |
| 12/07/2000 | 170 | Filed Memo-Endorsement on letter addressed to Judge Pauley,III, counsel for Gerald B. Lefcourt, Esq. counsel for Glenn B. Laken, dated 12/5/00. Re: Request that the dft's. appearance be excused from the conference scheduled for 12/8/00. ( Signed by Judge William H. Pauley III ). (mb) (Entered: 12/07/2000) |
| 01/02/2001 | 181 | MEMORANDUM AND ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, The foregoing constitutes this Court's ruling on dfts'. motion for bills for particular and other discovery. The motions of dfts. Black, Rametta and Chickara, Dapuzzo, Gardell, Laken, Nejame, Phillips, Rossi and Stephens are granted in part and denied in part. The joint motion of Rametta and Chickara for severance is denied without prejudice to renewal. ( Signed by Judge William H. Pauley III ). (mb) Modified on 06/14/2001 (Entered: 01/03/2001) |
| 02/02/2001 | 213 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 12/8/00 before Judge Pauley,III. (mb) Modified on 06/14/2001 (Entered: 02/02/2001) |
| 02/02/2001 | 214 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 12/15/00 before Judge Pauley,III. (mb) Modified on 06/14/2001 (Entered: 02/02/2001) |

| 02/05/2001 | 216 | Filed Memo-Endorsement on letter dated 2/1/01 to Judge Pauley signed by AUSA Patrick J. Smith as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Michael T. Grecco, John M. Black Jr., Angelo Calvello, Angelo A. Mann, William M. Stephens, Glenn B. Laken, Gene Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo, requesting an extension of time to file its response to pending motion and to request an alternative date ofr oral argument on the motions....Application granted. The government's opposition papers are due on 2/9/01. reply papers are due on 2/16/01. The Court will advise the parties when, and if, oral argument is to be scheduled. ( Signed by Judge William H. Pauley III ); Copies mailed. (mr) Modified on 06/14/2001 (Entered: 02/06/2001) |
| 02/22/2001 | 228 | ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo. The parties are directed to appear for oral argument on the pending pretrial motions on 3/22/01 at 3:15 p.m. Counsel also should be prepared to address scheduling issues with respect to the trial set to begin on 4/16/01. ( Signed by Judge William H. Pauley III ) Copies mailed. (bw) Modified on 06/14/2001 (Entered: 02/23/2001) |
| 03/14/2001 | 240 | (S1) SUPERSEDING INDICTMENT as to James S. Labate (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, 26s, 27s, 28s, Anthony A. Stropoli (4) count(s) 1s, 2s, 11s, 14s, 15s, Salvatore R. Piazza (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, 24s, 27s, Stephen E. Gardell (6) count(s) 1s, 2s, 16s, 20s, 21s, 24s, Cary F. Cimino (7) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 13s, 25s, Sebastian Rametta (8) count(s) 1s, 2s, 26s, 27s, James F. Chickara (9) count(s) 1s, 2s, 26s, 27s, Ralph Dematteo (10) count(s) 14s, Michael T. Grecco (12) count(s) 1s, 2s, 14s, 15s, 28s, John M. Black (13) count(s) 1s, 2s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, Angelo Calvello (14) count(s) 1s, 2s, 16s, 22s, 26s, Joseph A. Mann (15) count(s) 1s, 2s, 3s, 4s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, William M. Stephens (16) count(s) 1s, 2s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, Glenn B. Laken (17) count(s) 1s, 2s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, Gene Phillips (18) count(s) 1s, 2s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, A. Cal Rossi (19) count(s) 1s, 2s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, William F. Palla (21) count(s) 1s, 2s, 7s, 8s, 9s, 10s, Todd M. Nejaime (22) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 13s, Steven J. Dapuzzo (23) count(s) 1s, 2s, 11s, 12s (rag) Modified on 09/06/2001 (Entered: 03/22/2001) |
| 03/23/2001 | | (Court only) **Terminated party Frank A. Persico (mr) (Entered: 03/26/2001) |

| 03/26/2001 | 246 | Appearance BOND filed by Glenn B. Laken in Amount $ 1,000,000.00 PRB; Secured by $50,000.00 Cash; Travel Limits include Illinois NY and in between for travel purposes. Received in docketing on 3/26/01. (sl) Modified on 03/27/2001 (Entered: 03/26/2001) |
|---|---|---|
| 04/06/2001 | 257 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 2/27/01 before Judge Pauley. (mr) Modified on 06/14/2001 (Entered: 04/06/2001) |
| 04/18/2001 | 270 | AMENDED BILL OF PARTICULARS by USA as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (sl) Modified on 06/14/2001 (Entered: 04/20/2001) |
| 04/23/2001 | 271 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo (rp) Modified on 06/14/2001 (Entered: 04/23/2001) |
| 05/02/2001 | 277 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 3/22/01 before Judge Pauley. (mr) Modified on 06/14/2001 (Entered: 05/02/2001) |
| 05/02/2001 | 279 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 3/22/01. (sg) Modified on 06/14/2001 (Entered: 05/02/2001) |

| 05/03/2001 | 283 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 3/22/01. (sg) Modified on 06/14/2001 (Entered: 05/03/2001) |
| --- | --- | --- |
| 05/03/2001 | 284 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 3/22/01. (sg) Modified on 06/14/2001 (Entered: 05/03/2001) |
| 05/03/2001 | 285 | TRANSCRIPT of record of proceedings as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo for dates of 3/22/01. (sg) Modified on 06/14/2001 (Entered: 05/03/2001) |
| 05/18/2001 | 288 | ORDER as to Stephen R. Gardell, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi denying [186-2] motion dismissing the racketeering charges contained in Count one as against Stephens; as to William M. Stephens (16)denying [196-1] motion dismissing all of the counts in the indictment as to John M. Black (13)denying [196-2] motion dismissing count one and two as to John M. Black (13)denying [186-1] motion suppressing any and all elctronic surveillance evidence obtained and the fruits thereof; as to William M. Stephens (16)denying [201-1] motion to inspect grand jury minutes as to Gene E. Phillips (18)denying [198-1] motion for severance as to Angelo Calvello (14)denying [191-1] motion Motion to suppress intercepted communications. as to Gene E. Phillips (18), A. Cal Rossi (19)denying [189-1] motion dismissing the indictment against the dfts., and granting such other and further relief as the Court may deem just and proper. as to Gene E. Phillips (18), A. Cal Rossi (19) ( Signed by Judge William H. Pauley III ); Copies mailed. (sg) (Entered: 05/18/2001) |
| 06/01/2001 | | (Court only) **Terminated party Robert P. Gallo (11). (bw) (Entered: 06/04/2001) |
| 06/04/2001 | | (Court only) **Terminated party Sebastian Rametta. (bw) (Entered: 06/05/2001) |

| 06/08/2001 | 297 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Abbe David Lowell, dated 6/6/01, as to defts Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Joseph B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. Dapuzzo. On behalf of the defts and counsel in this case now scheduled for trial on 9/17/01, Attorney Lowell writes to request that the Court schedule a status conference to address a variety of outstanding issues; JUDGE ENDORSED - Status Conference set for June 13, 2001 at 3:00 p.m. ( Signed on 6/7/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 06/15/2001 (Entered: 06/11/2001) |
| 06/11/2001 | 308 | (S2) SUPERSEDING INDICTMENT as to Stephen E. Gardell (6) count(s) 1ss, 2ss, 11ss, 14ss, 15ss, 18ss, John M. Black (13) count(s) 1ss, 2ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, Angelo Calvello (14) count(s) 1ss, 2ss, 11ss, 16ss, 19ss, Joseph A. Mann (15) count(s) 1ss, 2ss, 3ss, 4ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, 17ss, William M. Stephens (16) count(s) 1ss, 2ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, Glenn B. Laken (17) count(s) 1ss, 2ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, Gene Phillips (18) count(s) 1ss, 2ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, A. Cal Rossi (19) count(s) 1ss, 2ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, William F. Palla (21) count(s) 1ss, 2ss, 5ss, 6ss, 7ss, 8ss, Steven J. D'Apuzzo (23) count(s) 1ss, 2ss, 9ss, 10ss. (bw) Modified on 09/06/2001 (Entered: 06/14/2001) |
| 06/12/2001 | | (Court only) **Terminated party James F. Chickara. (bw) (Entered: 06/14/2001) |
| 06/13/2001 | 302 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 6/11/01, as to deft Glenn B. Laken. Mr. Lefcourt writes to request that the Court excuse Mr. Laken's appearance at the pre-trial conference scheduled for 6/13/01; JUDGE ENDORSED - Application granted. Defendant Laken's appearance is excused. ( Signed on 6/11/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 06/15/2001 (Entered: 06/14/2001) |
| 06/20/2001 | 311 | ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo, All counsel for the defendants to be tried as part of the "pension fund fraud" portion of the referenced indictment having appeared before the Court for a conference on June 13, 2001, the following briefing schedule for purposes of filing any in limine motions is established on consent of the parties: Defendants' motions shall be served and filed by July 31, 2001. Opposition papers shall be served and filed by August 15, 2001. Reply |

| | | |
|---|---|---|
| | | papers, if any shall be served and filed by August 22, 2001. Oral argument is set for September 6, 2001 at 10:00am. ( Signed by Judge William H. Pauley III ); Copies mailed. (jb) (Entered: 06/20/2001) |
| 06/20/2001 | 313 | APPLICATION AND ORDER as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo, The United States of America, by David C. Esseks, Assistant United States Attorney, hereby makes this application to the Court for an Order, pursuant to the provisions of Title 18, U.S.C., 2510-2521, authorizing the unsealing for the limited purposes of making discovery, use in pre-trial preparation and proceedings, and use during trial in United States v. James Labate, et alia, S1 00 Cr. 632 (WHP), of the original sealed tapes containing certain intercepted oral communications, specifically: the original tape recordings made pursuant to the November 30, 1999, January 3, 2000, February 2, 2000, March 6, 2000, and April 5, 2000 Orders authorizing interception of oral communications occurring within the premises known and described as the CONFERENCE ROOM and DESK AREA within the office of DMN Captial Inc., 5 Hanover Square, 16th Floor, Unit 1604, New York, New York. ( Signed by Judge William H. Pauley III ); Copies mailed. (jb) (Entered: 06/20/2001) |
| 06/26/2001 | 316 | Request to Charge by USA (jb) (Entered: 06/27/2001) |
| 07/05/2001 | | (Court only) **Terminated party Vincent G. Langella. (bw) (Entered: 07/06/2001) |
| 07/06/2001 | 324 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) (Entered: 07/06/2001) |
| 07/16/2001 | | (Court only) **Terminated party Ralph Dematteo. (bw) (Entered: 07/18/2001) |
| 07/23/2001 | | (Court only) **Terminated party Robert A. Lino. (bw) (Entered: 07/24/2001) |
| 07/31/2001 | 338 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 07/31/2001) |

| 07/31/2001 | 353 | MOTION by Glenn B. Laken for the following relief: 1. for an order precluding the govt from introducing evidence at trial concerning Mr. Laken's alleged participation in crimes not charged in the indictment ; and 2. For an order joining in the in limine motions of co-defts. Return date 9/6/01. (bw) (Entered: 08/02/2001) |
| 07/31/2001 | 354 | MEMORANDUM OF LAW by Glenn B. Laken in opposition to Government's Notice of its intention to introduce evidence pursuant to Fed.R.Evid.404(B) and as "Enterprise Proof". (bw) (Entered: 08/02/2001) |
| 08/01/2001 | 341 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/01/2001) |
| 08/15/2001 | 358 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/15/2001) |
| 08/15/2001 | 359 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/15/2001) |
| 08/16/2001 | 360 | MEMORANDUM OF LAW by USA as to John M. Black Jr., Glenn B. Laken, William M. Stephens, A. Cal Rossi, Gene E. Phillips, Angelo Calvello in opposition to defendants' in Limine and severance motions. (bw) (Entered: 08/17/2001) |
| 08/24/2001 | 367 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/24/2001) |
| 08/24/2001 | 368 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. |

| | | |
|---|---|---|
| | | Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/24/2001) |
| 08/24/2001 | 369 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen R. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 08/24/2001) |
| 08/27/2001 | 370 | LETTER addressed to Judge Pauley from Attorney Gerald L. Shargel, dated 8/16/01, filed as to defts Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo Re: submitted with regard to the govt's proposed expert testimony on organized crime. (bw) Modified on 09/06/2001 (Entered: 08/29/2001) |
| 08/27/2001 | 381 | (S4) SUPERSEDING INDICTMENT as to Stephen E. Gardell (6) count(s) 1sss, 2sss, 9sss, 13sss, 16sss, John M. Black (13) count(s) 1sss, 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, Angelo Calvello (14) count(s) 1sss, 2sss, 9sss, 14sss, 17sss, Joseph A. Mann (15) count(s) 1sss, 2sss, 3sss, 4sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, 15sss, William M. Stephens (16) count(s) 1sss, 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, Glenn B. Laken (17) count(s) 1sss, 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, Gene Phillips (18) count(s) 1sss, 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, A. Cal Rossi (19) count(s) 1sss, 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, William F. Palla (21) count(s) 1sss, 2sss, 5sss, 6sss, 7sss, 8sss. (bw) Modified on 09/06/2001 (Entered: 09/06/2001) |
| 09/05/2001 | 378 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony A. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) Modified on 09/06/2001 (Entered: 09/05/2001) |
| 09/05/2001 | 379 | LETTER addressed to Judge Pauley from Attorney Gary G. Becker, dated 8/28/01, filed by deft Glenn B. Laken Re: submitted to join in all motions made by his co-defts. (bw) (Entered: 09/05/2001) |
| 09/05/2001 | 382 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 9/4/01, as to deft Glenn B. Laken. Mr. Lefcourt writes to request that the Court excuse Mr. Laken's appearance at the pre-trial conference scheduled for 9/6/01; JUDGE ENDORSED - |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 21 of 110 PageID #:136

| | | |
|---|---|---|
| | | Application granted. Defendant Laken's presence is excused. ( Signed on 9/4/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 09/06/2001) |
| 09/17/2001 | | (Court only) **Terminated party Anthony P. Stropoli. (bw) (Entered: 09/24/2001) |
| 09/20/2001 | 387 | Filed Memo-Endorsement on letter dated 09/18/01 from Sarita Kedia to Judge Pauley as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo, requesting that all Defts' appearance at the 09/25 conference be waived due to difficulty of travel right now. ...Application granted on consent of the Govt and in light of terrorist attacks. ( Signed by Judge William H. Pauley III ); Copies mailed. (ac) (Entered: 09/20/2001) |
| 09/20/2001 | 388 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) (Entered: 09/20/2001) |
| 09/20/2001 | 389 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) (Entered: 09/20/2001) |
| 09/24/2001 | | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT as to John M. Black Jr., Angelo Calvello, Stephen E. Gardell, Glenn B. Laken, Todd M. Nejaime, William F. Palla, Gene E. Phillips, Salvatore R. Piazza, A. Cal Rossi, William M. Stephens ...that the request for a 30-day exclusion from today, September 17, 2001, purs. to Title 18 U.S.C. Sec. 3161(h) (8) (A) is hereby granted for all criminal cases in which an indictment or information has been filed and is pending,..., Continuing due to extraordinary circumstances time is excluded from 9/17/01 to 10/17/01 ( Signed by Chief Judge Michael B. Mukasey ); [Original filed in M10-468 Document No. 22] (ICMSUSER) (Entered: 10/02/2001) |
| 09/25/2001 | 396 | MEMORANDUM AND ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi. ... This decision addresses pretrial motions filed by the seven defts in the union pension fund fraud and kickback conspiracy |

portion of this indictment. This indictment has been the subject of two prior written opinions addressing the administration of a complex criminal case, familiarity with which is assumed. See U.S. v. Labate, S1-00-Cr-632(WHP), 2001 WL 533714 (S.D.N.Y. May 18, 2001) (motions to dismiss and to suppress) U.S. v. Lino, 00-Cr-632(WHP), 2001 WL 8356 (S.D.N.Y. Dec. 29, 2000) (motions for discovery and severance). Defts Black, Laken, Phillips and Rossi have moved to preclude the admission of enterprise proof and other act evidence noticed by the Gov't pursuant to Rule 404(b) of the Federal Rules of Evidence. Deft Calvello has joined in those motions by letter. In addition, defts Gardell, Stephens, Phillips and Rossi have moved on various grounds for severance from certain of their co-defts for trial. On 8/27/01, after the filing of defts' pretrial motions and some thirty-five days prior to the scheduled start of trial, the Gov't filed a fourth superceding indictment. Unlike its predecessors, the fourth superceder contained a security fraud object as part of the union pension fund fraud and kickback conspiracy charged in Count 9. At oral argument on 9/6/01, a number of defts moved in the wake of the fourth superceder to sever the securities fraud object for trial or, in the alternative, for a continuance to prepare their respective defenses. The Gov't opposed those applications, arguing that the inclusion of the securities fraud object in Count 9 is only a technical addition and that the charges embodied in that object were contemplated by the wire fraud object present in prior iterations of the indictment. Three business days after oral argument, the World Trade Center was the target of a horrific attack that paralyzed lower Manhattan and severely limited the operations of the U.S.D.C. for the S.D.N.Y. and the U.S. Attorney's Office. Because of the emergency, Chief Judge Mukasey entered an order excluding time under the Speedy Trial Act in all criminal cases in which an indictment or information is pending. (See Order Excluding Time Under The Speedy Trial Act dated 9/17/01.) The resulting delay in this trial, yet undetermined, will be of sufficient length to render moot defts' objection to the fourth superceder. Still, as the discussion below illustrates, defts' objections lack merit for other, more substantive, reasons. ... CONCLUSION: For the reasons stated in this Memorandum And Order, this Court orders as follows: with respect to defts' motions: (i) defts' motion to sever for trial the securities fraud object charged in Count 9 of the fourth superceding indictment are denied, while their alternative applications for a continuance are denied as moot in light of the delay necessitated in the start of trial by the World Trade Center attack; (ii) defts Black and Laken's motions to preclude admission of evidence relating to a scheme to defraud investors in FinancialWeb.com is denied; (iii) defts Black and Laken's motions to preclude admission of evidence relating to Alchemy Holdings, Inc. is granted in part and denied in part; (iv) any ruling on the admissibility of evidence regarding bribery-related schemes in the securities of Realtimecars.com and Motorsports, Inc. as well as the securities at issue in U.S. v. Wolfson, 00-Cr-628, will await trial; (v) deft Phillips' motion to preclude the admission of Rule 404(b) evidence, joined in part by deft Rossi, is denied in part and granted in part; (iv) the motions by defts Phillips, Rossi, Stephens and Gardell for severance are denied. In addition, the Gov't shall provide, forthwith, particulars specifying

| | | |
|---|---|---|
| | | the details of the alleged short squeeze involving Alchemy Holding, Inc., including the participants, the dates and the trades, and any documents or other materials discoverable under Rule 16. ( Signed by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 09/26/2001 (Entered: 09/26/2001) |
| 09/28/2001 | 397 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi. 1. With respect to deft Phillips' motion to exclude the testimony of Thomas Holland and for a taint hearing, the Gov't shall serve and file its opposition papers by 10/1/01. Reply papers shall be served and filed by 10/8/01. A hearing, if necessary, will be held on 10/17/01 at 10:00 a.m. ; and 2. With respect to tape recorded conversations to be introduced at trial by the Gov't, defts shall serve and file any rule of completeness objections and motions to preclude by 10/5/01. The Gov't shall serve and file its opposition papers by 10/15/01 ; and 3. By 10/19/01, counsel will submit to this Court a proposed juror questionnaire, noting where appropriate any areas of disagreement between defts and the Gov't. A conference will be held on 10/25/01 at 10:00 a.m. to address the juror questionnaire and any other outstanding issues ; and 4. On 10/30/01, prospective jurors will assemble in the jury room and fill out the juror questionnaire. The parties are directed to meet and confer in order to reach agreement on those jurors that should be stricken as a result of their responses to the juror questionnaire. By 9:30 a.m. on 11/2/01, the parties shall provide to the jury clerk a list of the prospective jurors that are to be stricken by mutual agreement ; and 5. The trial of this criminal action with respect to defts Gardell, Black, Calvello, Stephens, Laken, Phillips and Rossi shall commence on 11/5/01 at 9:30 a.m. ( Signed on 9/26/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 10/01/2001 (Entered: 10/01/2001) |
| 10/01/2001 | 398 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) (Entered: 10/01/2001) |
| 10/03/2001 | | (Court only) **Terminated party James S. Labate. (bw) (Entered: 10/04/2001) |
| 10/10/2001 | 405 | Filed Memo-Endorsement on letter addressed to Judge Pauley from AUSAs David C. Esseks/Patrick J. Smith/Joshua Goldberg, as to defts (S4-00-Cr-632- ) Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. The parties have agreed, subject to the Court's approval, to the following revised schedule: 10/10/01 - Govt to provide to defense current list of portions of tapes to be offered at trial, 10/12/01 - Parties to complete conferring regarding rule of completeness |

| | | |
|---|---|---|
| | | issues and defense objections to portions of tapes deemed objectionable on other grounds, 10/16/01 - Defense to file motions regarding unresolved tape issues, 10/22/01 - Govt to file response, 10/25/01 - Argument (previously scheduled); The Govt will also file its response to deft Black's pending motion to preclude admission of various tape segments on 10/15/01, as orginally scheduled; JUDGE ENDORSED - The Court adopts the proposed revised briefing schedule in its entirety. ( Signed on 10/9/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 10/11/2001 (Entered: 10/11/2001) |
| 10/12/2001 | 407 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (rp) (Entered: 10/15/2001) |
| 10/16/2001 | 408 | LETTER addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 10/9/01, filed by defts Glenn B. Laken, John M. Black Jr. Re: submitted on behalf of deft Laken and deft Black in regard to the govt's proposed admission of FinancialWeb.com and Alchemy evidence, and certain other discovery matters. (bw) (Entered: 10/16/2001) |
| 10/17/2001 | 412 | MEMORANDUM by USA regarding FWEB and Alchemy proof and certain discovery matters. (bw) (Entered: 10/22/2001) |
| 10/19/2001 | 415 | MOTION by Glenn B. Laken for the following relief: 1. For an order precluding the govt from introducing taped conversations or any other evidence concerning conversations, listed on Exhibit A, which contain unfairly prejudicial, inflammatory, or irrelevant material ; and 2. For an order directing the govt to introduce additional portions of tapes, listed on Exhibit B, necessary to complete the context of the portions the govt intends to play ; and 3. For a hearing, to the extent necessary, to determine whether certain words and phrases in the govt's draft transcripts, listed on Exhibit C, are correct. Return date to be set by the Court. (bw) (Entered: 10/22/2001) |
| 10/19/2001 | 416 | MEMORANDUM OF LAW by Glenn B. Laken in support of [415-1] motion 1. For an order precluding the govt from introducing taped conversations or any other evidence concerning conversations, listed on Exhibit A, which contain unfairly prejudicial, inflammatory, or irrelevant material, [415-2] motion 2. For an order directing the govt to introduce additional portions of tapes, listed on Exhibit B, necessary to complete the context of the portions the govt intends to play, [415-3] motion 3. For a hearing, to the extent necessary, to determine whether certain words and phrases in the govt's draft transcripts, listed on Exhibit C, are correct. (bw) (Entered: 10/22/2001) |
| 10/23/2001 | 420 | MEMORANDUM IN RESPONSE by USA as to Stephen E. Gardell, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi re: in response to the motions of |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 25 of 110 PageID #:139

| | | |
|---|---|---|
| | | above defts that seek to exclude certain portions of audio tapes as irrelevant and/or prejudicial; require the Govt to play certain other portions under the rule of completeness; require the Govt to correct certain transcripts; and to have the Court hold an audibility hearing as to one tape. (bw) (Entered: 10/24/2001) |
| 10/23/2001 | 421 | REPLY MEMORANDUM by Glenn B. Laken in further support of his motion to preclude introduction of FWEB and Alchemy proof. (bw) (Entered: 10/24/2001) |
| 10/24/2001 | 423 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 10/23/01, as to deft Glenn B. Laken. Mr. Lefcourt writes to request that the Court excuse Mr. Laken's appearance at the pre-trial conference scheduled for 10/25/01; JUDGE ENDORSED - Application granted. Defendant Laken's appearance is excused. ( Signed on 10/23/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 10/25/2001) |
| 10/25/2001 | 427 | MEMORANDUM by USA as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla in support of its motion in limine to admit Plea Allocutions of co-defts Robert Lino, James Labate, Frank Persico, Anthony Stropoli, Vincent Langella, and Michael Grecco. (bw) (Entered: 10/26/2001) |
| 10/29/2001 | 431 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Lauren C. Panora, dated 10/25/01, as to defts Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. Attorney Panora writes to request permission to have seven vertical file cabinets delivered to Courtroom 318 on Thursday, 11/1/01, between the hours of 11:30 a.m. and 3:00 p.m., for use during the duration of the trial of this matter. These cabinets are being rented from and will be delivered by Furniture Rental Associates ("FRA") whose warehouse is located at 268 Norman Avenue, Brooklyn, New York 11222; JUDGE "SO ORDERED". ( Signed on 10/26/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 10/30/2001) |
| 10/31/2001 | 435 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi. This court has ruled that evidence relating to FinancialWeb.com ("FWEB") or Alchemy Holding, Inc. may be adduced at trial only if the Govt is able to satisfy the preliminary showing that Trade Venture Fund invested, or planned to invest, in either of those securities. (See Transcript of Hearing dated Oct. 25, 2001 at 6.) Having effectively conceded that the proof at trial will not support a finding that an agreement was reached to invest proceeds of the Trade Venture Fund in FWEB (or Alchemy), the Govt has asked this Court to reconsider an alternative ground of admissibility: that the FWEB scheme is relevant to prove the existence of the enterprise and deft Laken's and Black's membership in it. The Govt proffers that the evidence will show |

that in early 2000, Laken and Black agreed with Jeffrey Pokross to pay DMN Capital cheap stock in exchange for arranging a fraudulent Internet promotion and assisting in the manipulation of FWEB. Such activity, according to the Govt, is comparable to the series of stock manipulations alleged as part of the historical portion of the indictment. This alternative ground was raised previously in the Govt's papers opposing defts' motions to preclude enterprise proof and Rule 404(b) evidence. This Court, however, discounted that ground in favor of the Govt's principal argument, now seemingly abandoned, that Trade Venture Fund invested, or planned to invest, in FWEB and Alchemy. This Court will admit the FWEB evidence at trial on the alternative theory advanced by the Govt. Such evidence will be admitted for the purpose of showing that deft Laken and Black knew that the alleged enterprise engaged in other illegal activities, particularly stock manipulations or "pump and dump" schemes as charged in the historical portion of the indictment. Defts cannot claim prejudice because the Govt identified FWEB as a manipulated security in its bill of particulars. In addition, defts have been preparing for trial anticipating that the FWEB evidence may be introduced in connection with the plan by Trade Venture Fund to invest in fraudulent deals. ( Signed on 10/30/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 11/01/2001 (Entered: 11/01/2001)

| | | |
|---|---|---|
| 10/31/2001 | 436 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Abbe David Lowell, dated 10/30/01, as to defts Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. On behalf of defense counsel, Attorney Lowell requests permission for the attorneys to bring laptop computers and personal data assistants (PDAs) into the courthouse each day during the duration of the trial; JUDGE ENDORSED - Application granted. ( Signed on 10/30/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/01/2001) |
| 10/31/2001 | 437 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Lauren C. Panora, dated 10/30/01, as to defts Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. As follow up to attorney's letter of 10/25/01, Attorney Panora is now requesting permission to have a total of nine vertical file cabinets delivered to Courtroom 318 on Thursday, 11/1/01, between the hours of 11:30 a.m. and 3:00 p.m., for the use during the duration of the trial of this matter; JUDGE ENDORSED - Application granted. ( Signed on 10/30/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/01/2001) |
| 11/02/2001 | 438 | TRANSCRIPT of record of proceedings as to Stephen E. Gardell, John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Angelo Calvello for date of September 25, 2001, before Judge William H. Pauley III. (bw) (Entered: 11/02/2001) |

| 11/02/2001 | 439 | TRANSCRIPT of record of proceedings as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi for date of September 6, 2001, before Judge William H. Pauley III. (bw) (Entered: 11/02/2001) |
|---|---|---|
| 11/05/2001 | | Jury selection as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/05/2001 | | Jury impaneled as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi (ac) (Entered: 02/19/2002) |
| 11/05/2001 | | Voir dire begun as to John M. Black (13) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 10sss, 11sss, 11ss, 12sss, 12ss, 13sss, 13ss, 14sss, 14ss, 14, 15ss, 15, 16ss, 16s, 16, 17, 17s, 18s, 18, 19s, 19, 20s, 20, 21s, 22s, Angelo Calvello (14) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 11ss, 14sss, 14, 16ss, 16s, 17sss, 19ss, 20, 22s, 24, 26s, William M. Stephens (16) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 10sss, 11sss, 11ss, 12sss, 12ss, 13sss, 13ss, 14sss, 14ss, 14, 15ss, 15, 16ss, 16s, 16, 17s, 17, 18s, 18, 19s, 19, 20s, 20, 21s, 22s, Glenn B. Laken (17) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 10sss, 11sss, 11ss, 12sss, 12ss, 13sss, 13ss, 14sss, 14ss, 14, 15ss, 15, 16ss, 16s, 16, 17s, 17, 18s, 18, 19s, 19, 20s, 20, 21s, 22s, Gene E. Phillips (18) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 10sss, 11sss, 11ss, 12sss, 12ss, 13sss, 13ss, 14sss, 14ss, 14, 15ss, 15, 16ss, 16s, 16, 17, 17s, 18s, 18, 19s, 19, 20s, 20, 21s, 22s, A. Cal Rossi (19) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 9sss, 10sss, 11sss, 11ss, 12sss, 12ss, 13sss, 13ss, 14sss, 14ss, 14, 15sss, 15, 16ss, 16s, 16, 17s, 17, 18s, 18, 19s, 19, 20s, 20, 21s, 22s Terminated motions: (ac) (Entered: 02/19/2002) |
| 11/05/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi begun (ac) (Entered: 02/19/2002) |
| 11/05/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/06/2001 | 443 | LETTER addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 11/2/01, filed by deft Glenn B. Laken Re: submitted in regard to the govt's proposed admission of FinancialWeb.com evidence. (bw) (Entered: 11/06/2001) |
| 11/06/2001 | 446 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi. This Order resolves all audibility and accuracy objections made by defts Gene Phillips and A. Cal Rossi to Tape 330. ( Signed on 11/1/01 by Judge William H. Pauley III ); Copies mailed. (bw) Modified on 11/07/2001 (Entered: 11/07/2001) |

| 11/06/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
|---|---|---|
| 11/07/2001 | 449 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi. This Order resolves the audibility objections raised by deft Stephen Gardell in his 10/31/01 letter and the accuracy objections raised by deft A. Cal Rossi in his notice of motion dated 10/16/01. ( Signed on 11/4/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/07/2001) |
| 11/07/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/08/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/13/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/14/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/15/2001 | 456 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Gerald B. Lefcourt, dated 11/9/01, as to deft Glenn B. Laken. Mr. Lefcourt writes to request an Order that the Federal Protection Service, US Marshals Service, and any other agency responsible for security in the Courthouse permit them to bring into 40 Foley Square boxes of documents, binders containing documents, office supplies (staplers, pads, etc.), and presentation materials, all necessary to the defense of Mr. Laken; JUDGE ENDORSED - Application granted. ( Signed on 11/9/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/16/2001) |
| 11/15/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/19/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/21/2001 | 458 | MEMORANDUM by USA as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla regarding evidentiary issues. (bw) (Entered: 11/26/2001) |
| 11/21/2001 | 459 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Ethan G. Zlotchew, dated 11/20/01, as to defts Stephen E. Gardell, John M. |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/10/08 Page 29 of 110 PageID #:146

| | | |
|---|---|---|
| | | Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. As follow up to Lauren Panora's letters of October 25 and 30, 2001, requesting the Judge's permission for the delivery of vertical file cabinets to the Judge's courtroom, several defense counsel have indicated that they would like to have four additional cabinets delivered to Courtroom 318, to be placed along the wall of the courtroom on the Judge's right (the public's left), immediately in front of the separation between the public seating and defense counsel's tables. Mr. Zlotchew is requesting permission to have these additional vertical file cabinets delivered to Courtroom 318 on 11/21/01, between the hours of 9:00 a.m. and 1:00 p.m., for use during the duration of the trial of the above-captioned matter. These cabinets are being rented from and will be delivered by Furniture Rental Associates ("FRA") whose warehouse is located at 268 Norman Avenue, Brooklyn, New York 11222; JUDGE ENDORSED - Application granted. ( Signed on 11/20/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/26/2001) |
| 11/21/2001 | 460 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. Having considered the 11/19/01 letter of Dan Guthrie, Esq., in support of Basic Capital Management Inc.'s application for an adjournment to the outstanding subpoena duces tecum dated 11/8/01, in this case, it is hereby ORDERED that such application is DENIED. Basic Capital Management is hereby ORDERED to produce the materials responsive to the outstanding subpoena by 11/26/01. ( Signed on 11/20/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 11/26/2001) |
| 11/26/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/27/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/28/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/29/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 11/30/2001 | 464 | ORDER as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla. The following defense counsel in this criminal action are authorized by this Order to bring one cell phone each in the U.S. Courthouse at Foley Square during this criminal trial for use during recesses: Frederick Hafetz, Jeremy Orden, Gerald L. Shargel, Gerald B. Lefcourt, Abbe D. Lowell, Frank H. Wohl. Each of the foregoing counsel |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 30 of 110 PageID #:144

https://ecfnysd.circ2.dcn/cgi-bin/DktRpt.pl?597026316732539-L_...

| | | |
|---|---|---|
| | | should carry a copy of this Order whenever he enters the courthouse with a cell phone. This Court's prior Order dated 11/6/01 is rescinded. ( Signed on 11/28/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 12/03/2001) |
| 12/03/2001 | 465 | TRANSCRIPT of record of proceedings as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla for date of 10/23/01, before Judge William H. Pauley III. (bw) (Entered: 12/04/2001) |
| 12/03/2001 | 466 | TRANSCRIPT of record of proceedings as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla for date of 10/25/01, before Judge William H. Pauley III. (bw) (Entered: 12/04/2001) |
| 12/03/2001 | 467 | TRANSCRIPT of record of proceedings as to Stephen E. Gardell, Angelo Calvello, Glenn B. Laken, A. Cal Rossi for date of 10/30/01, before Judge William H. Pauley III. (bw) (Entered: 12/04/2001) |
| 12/03/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/04/2001 | 468 | SUPPLEMENTAL MEMORANDUM And Proffer regarding FWEB proof by USA as to John M. Black Jr., Glenn B. Laken. (bw) (Entered: 12/05/2001) |
| 12/04/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/05/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/06/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/10/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/11/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/13/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/17/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 31 of 110 PageID #:145

| | | |
|---|---|---|
| | | 02/19/2002) |
| 12/18/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/19/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/20/2001 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 12/28/2001 | 475 | Filed Memo-Endorsement on letter addressed to Judge Pauley from Attorney Lauren C. Panora, dated 12/21/01, as to defts Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo. On behalf of defense counsel, attorney Panora requests permission to have two of the vertical file cabinets that they rented removed from Courtroom 318 on Thursday, 12/27/01, between the hours of 10:00 a.m. and 1:00 p.m., because they are not being used; JUDGE ENDORSED - Application granted. ( Signed on 12/21/01 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 01/02/2002) |
| 01/02/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/03/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/04/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/07/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/08/2002 | 481 | ORDER as to John M. Black Jr., Stephen E. Gardell, A. Cal Rossi, Glenn B. Laken, Angelo Calvello. For the reasons stated on the record during conferences in this matter on 10/25/01 and 10/30/01, it is hereby ordered that the defts' motions to preclude admission of certain recordings and to include additional portions of certain recordings under the Rule of Completeness are decided as follows: (see Order). ( Signed on 1/4/02 by Judge William H. Pauley III ); Copies mailed. (bw) (Entered: 01/09/2002) |
| 01/08/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |

Case 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 32 of 110 PageID #:146

| 01/09/2002 | 482 | Requests to Charge by USA as to John M. Black, Jr., et al. (bw) (Entered: 01/10/2002) |
|---|---|---|
| 01/09/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/10/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/11/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/14/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/15/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/16/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/17/2002 | 486 | MOTION by Glenn B. Laken for an order directing the entry of Judgment of Acquittal on all counts of the Indictment . Return date 1/18/02. (bw) Modified on 01/22/2002 (Entered: 01/22/2002) |
| 01/17/2002 | 487 | MEMORANDUM OF LAW by Glenn B. Laken in support of his [486-1] motion to dismiss the Indictment pursuant to Rule 29, Fed.R.Crim.P. (bw) (Entered: 01/22/2002) |
| 01/17/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/22/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/23/2002 | | (Court only) **Terminated party Michael T. Grecco (jb) (Entered: 01/28/2002) |
| 01/23/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/24/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 33 of 110 PageID #:147

| 01/25/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| --- | --- | --- |
| 01/28/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/29/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/30/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 01/31/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 02/01/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 02/04/2002 | 496 | MEMORANDUM by USA as to Stephen E. Gardell, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, William F. Palla in opposition to motions for judgments of acquittal. (bw) (Entered: 02/05/2002) |
| 02/04/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/05/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/06/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/07/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/08/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 02/08/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/11/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/12/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |

| | | |
|---|---|---|
| 02/12/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (jb) (Entered: 04/23/2002) |
| 02/13/2002 | | Jury trial as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held (ac) (Entered: 02/19/2002) |
| 02/13/2002 | | JURY VERDICT as to John M. Black Jr., Glenn B. Laken Guilty: John M. Black (13) count(s) 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss, Glenn B. Laken (17) count(s) 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss (ac) (Entered: 02/19/2002) |
| 02/13/2002 | | ORAL ORDER as to John M. Black Jr., Glenn B. Laken , set scheduling order deadlines: Motion Filing to 4/12/02 for John M. Black Jr., for Glenn B. Laken ; , and set Sentencing for 11:00 5/31/02 for John M. Black Jr., for Glenn B. Laken ( Entered by Judge William H. Pauley III ) (ac) (Entered: 02/19/2002) |
| 02/13/2002 | | (Court only) **Terminated party William M. Stephens (jb) (Entered: 02/19/2002) |
| 02/13/2002 | | (Court only) **Terminated party Gene E. Phillips (jb) (Entered: 02/19/2002) |
| 02/13/2002 | | (Court only) **Terminated party A. Cal Rossi (jb) (Entered: 02/19/2002) |
| 02/13/2002 | | Jury trial as to John M. Black Jr., William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi held and concluded. (jb) (Entered: 04/23/2002) |
| 02/14/2002 | 499 | SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo (wv) (Entered: 02/14/2002) |
| 02/15/2002 | 500 | Filed Memo-Endorsement on letter to Judge Pauley dated 2/14/02 as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo, requesting an order from Your Honor authorizing Furniture Rental Associates to pick up the file cabinets on either of these two dates and authorizing its driver to come onto Pearl Street in order to pick up the cabinets...Application granted. SO ORDERED. ( Signed by Judge William H. Pauley III ); Copies mailed. (ph) (Entered: 02/15/2002) |
| 03/13/2002 | 510 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Angelo Calvello, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 35 of 110 PageID #:142

| | | |
|---|---|---|
| | | Rossi for dates of 1/7/02, before Judge William H. Pauley III . (yv) (Entered: 03/13/2002) |
| 03/18/2002 | | (Court only) **Terminated party Stephen E. Gardell (jb) (Entered: 03/20/2002) |
| 03/26/2002 | 514 | MEMORANDUM AND ORDER as to John M. Black Jr., Glenn B. Laken denying [486-1] motion for an order directing the entry of Judgment of Acquittal on all counts of the Indictment as to Glenn B. Laken (17) and John Black, Jr. Accordingly, the motions of Defts John Black and Glen Laken for judgment of acquittal pursuant to Rule 29(a) of the Fed R Crim P are denied. So Ordered. ( Signed by Judge William H. Pauley III ); Copies mailed. (ac) Modified on 03/26/2002 (Entered: 03/26/2002) |
| 04/19/2002 | | (Court only) **Terminated party Angelo Calvello (jb) (Entered: 04/23/2002) |
| 04/24/2002 | 540 | Filed Memo-Endorsement on letter as to Glenn B. Laken, re: reset Sentencing. Letter application granted. Sentencing adjourned to 6/28/02 at 4:00 p.m. Adressed to Judge Pauley, From Gerald B. Lefcourt, Atty for the dft, dated 4/22/02 ( Signed by Judge William H. Pauley III ); Copies mailed. (ja) (Entered: 04/25/2002) |
| 05/06/2002 | 542 | MOTION by Glenn B. Laken for an Order Consolidating this matter for sentencing the United States v. Laken, 00 Cr. 651 (SHS) so that a consolidated sentencing proceeding may be held before the Honorable William H. Pauley, III. (jb) (Entered: 05/06/2002) |
| 05/06/2002 | 543 | ORDER as to Glenn B. Laken, upon the consent of the United States of America and defendant Glenn B. Laken, it is hereby ORDERED that the Chicago Mercantile Exchange shall release all proceeds of the sale of Glenn B. Laken's seat on that Exchange that are not being held by the Exchange on its own behalf or on behalf of Exhange customers to the escrow account of Gerald B. Lefcourt , and IT IS HEREBY FURTHER ORDERED that Gerald B. Lefcourt, P.C., shall hold the resulting funds in its escrow account until further order of this Court. ( Signed by Judge William H. Pauley III on 5/6/02 ); (ph) (Entered: 05/07/2002) |
| 05/06/2002 | 545 | Filed Memo-Endorsement on letter: by Glenn B. Laken as to Glenn B. Laken , from AUSA David Esseks, Dated 5/1/02, addressed to: Judge Pauley Re: US v Laken 00cr632, The Govt hereby moves for an Order certain funds belonging to Deft Glen Laken but currently held by the Chicago Mercantile Exchange, in order to ensure the availability of those funds to satisfy the restitution order that the Govt will request be entered against Mr. Laken at the sentencing scheduled for 6/28/02. The Govt therefore requests that the Court sign the enclosed proposed Order directing the Chicago Mercantile Exchange to hold any of the proceeds of the sale of Mr. Lakens seat that are not subject to claims by the Exchange or its customers pending Mr. Laken's sentencing by this Court, in order to ensure that those funds are available to satisfy a portion of the substantial restitution order that will be entered against the Deft. ...Deft Laken will respond by 5/3/02. So Ordered. Signed by Judge William H. Pauley III ); Copies mailed. (ac) (Entered: 05/07/2002) |

| 06/28/2002 | 561 | ORDER, IT IS HEREBY ORDERED THAT: (1) Wall Street Equities Inc. shall issue a certifed check payable to the United States Marshals Service, United States Courthouse, 500 Pearl Street, 4th Floor, New York, NY 10007, for the full balance of the specified account number (as listed in the order) and for the cash balance in the specified account number (as listed in the order), which Funds shall be deposited into the Asset Forfeiture Holding FUnd pending final disposition. (2) Wall Street Equities shall deliver to the United States Marshal Service the original stock certificates, endorsed stock powers, and an Assignment instrument, all made transferable to the order of the United States Marshals Service, United States Courthouse, 500 Pearl Street, 4th Floor, New York, NY 10007, for any stock or equities held in either of the above referenced accounts. ( Signed by Judge William H. Pauley III on 6/28/02 ). (ph) (Entered: 07/01/2002) |
| --- | --- | --- |
| 07/01/2002 | 563 | Filed Memo-Endorsement on letter: by USA as to John M. Black Jr., Glenn B. Laken, from AUSA David C. Esseks, June 27, 2002, addressed to: Judge Pauley, requesting an adjournment of the defendant's June 28th and July 12th sentencing...Letter application GRANTED. Sentencing for defendants Glenn Laken and John Black are adjourned to August 27, 2002 at 2:30 p.m. (Signed by Judge William H. Pauley III); Copies mailed. (jb) (Entered: 07/02/2002) |
| 07/02/2002 | 564 | TRANSCRIPT of record of proceedings as to Glenn B. Laken for dates of 5/6/02 at 11:10 a.m., before Judge William H. Pauley III . (ph) (Entered: 07/03/2002) |
| 08/30/2002 | 572 | Filed Memo-Endorsement on letter: by Glenn B. Laken, from Attorney Gerald B. Lefcourt, Dated 8/27/02, addressed to: Judge Pauley Re: requesting an adjournment of sentence date set for 8/27/02 until 10/25/02, reset Sentencing for 4:00 10/25/02 for Glenn B. Laken ...Judge memo-endorsed: Letter application granted. Sentencing for defendant Glenn Laken is adjourned to 10/25/02 at 4:00 p.m. SO ORDERED. ( Signed by Judge William H. Pauley III on 8/27/02). (ph) (Entered: 09/03/2002) |
| 09/27/2002 | | (Court only) **Terminated party Cary F. Cimino (ja) (Entered: 10/02/2002) |
| 10/17/2002 | 606 | Filed Memo-Endorsement on letter: by John M. Black Jr., Glenn B. Laken as to John M. Black Jr., Glenn B. Laken , from James B. Comey, Dated October 12, 2002, addressed to: Judge Pauley Re: The Court schedule the sentencings of both defendant Laken and Black For November 22, 2002, a date that Mr. Pugliese has informed counsel is convenient for the Court set Sentencing for 9:15 11/22/02 for John M. Black Jr., for Glenn B. Laken Application granted. Sentencing is rescheduled for November 22, 2002 at 9:15am. Any applications regarding sentencing must be submitted to the Court by November 13, 2002. SO ORDERED ( Signed by Judge William H. Pauley III ); (jw) (Entered: 10/18/2002) |
| 11/18/2002 | 610 | Filed Memo-Endorsement on letter: as to Glenn B. Laken, from Gary C. Becker, Atty for the dft, Dated 11/15/02, addressed to: Judge Pauley, Re: Glenn Laken's sentencing which is scheduled for 11/22/02; requesting a |

| | | one-day extension of time, until Monday, November 18, 2002 to file sentencing memorandum in this matter. ... Application granted. Sentencing memorandum will be filed on 11/18/02. SO ORDERED. ( Signed by Judge William H. Pauley III ); (ja) (Entered: 11/19/2002) |
|---|---|---|
| 11/22/2002 | 611 | Filed Memo-Endorsement on letter: by Glenn B. Laken , from Gerald B. Lefcourt, Dated November 20, 2002, addressed to: Judge Pauley Re: The appearance of Mr. Laken, Request that the appearance of Mr. Laken, who resides in Chicago, be excused from appearing at the conference Application granted. Defendant Glenn Laken is excused from appearing at the conference on November 22, 2002, at 9:15am , ( Signed by Judge William H. Pauley III ); Copies Faxed. (jw) (Entered: 11/25/2002) |
| 11/22/2002 | 612 | Filed Memo-Endorsement on letter: as to John M. Black Jr., Glenn B. Laken, from Lawrence F. Ruggiero, Atty for John Balck, Dated 11/19/02, addressed to: Judge Pauley, Re: a request, to adjourn John Black's sentencing to permit both the defense and the Probation department to consider fully the Government's sentencing submission and set pretrial conference for 9:15 11/22/02 for John M. Black for Glenn B. Laken. Application granted. The sentencing of John Black and Glenn Laken are adjourned. A conference is scheduled for 11/22/02, at 9:15 a.m. The Court will fix an adjournment date at that conference. SO ORDERED. ( Signed by Judge William H. Pauley III ) (ja) (Entered: 11/25/2002) |
| 11/27/2002 | 614 | ORDER as to John M. Black Jr., Glenn B. Laken, The Govt is directed to provide the Probation Dept with its "Sentencing Submission" by 11/22/02 , Defts Black and Laken are directed to submit their respective objections to the "Governments Sentencing Submission" to the Probation Dept by 12/10/02 , The Probation Dept shall issue revised Presentence Investigation Reports for Defts Black and Lacken by 12/30/02 , and set scheduling order deadlines: Status Conference for 9:30 1/3/03 for John M. Black Jr., for Glenn B. Laken ( Signed by Judge William H. Pauley III ); Copies sent by mail. (ac) (Entered: 12/02/2002) |
| 12/16/2002 | 617 | Filed Memo-Endorsement on letter: as to Glenn B. Laken, from Gary G. Becker, Atty for the dft, Dated 12/11/02, addressed to: Judge Pauley, Re: a request, Modifying Conditions of Release of Mr. Laken's pre-sentence travel restrictions. Mr. Laken seeks permission to travel to San Juan, Puerto for a family vacation from 12/18/02 through 12/25/02. AUSA David Esseks and the government consents to this request. Application granted. SO ORDERED. ( Signed by Judge William H. Pauley III ); (ja) (Entered: 12/18/2002) |
| 12/31/2002 | 618 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of 11/22/02, before Judge William H. Pauley III . (dt) (Entered: 12/31/2002) |
| 01/03/2003 | | Status conference as to John M. Black Jr., Glenn B. Laken held before Judge William H. Pauley III . Deft Black present w/ Atty Robert Koppelman in for Lawrence Ruggiero; Deft Laken present w/ Atty's Gerald Lefcourt and Gary |

| | | |
|---|---|---|
| | | Becker. AUSA's David Esseks and Christopher Clark. Ct Rptr Don White. Sentence adjourned until 2/14/03 at 2:00pm. Bail continued. (ac) (Entered: 01/06/2003) |
| 01/03/2003 | | ORAL ORDER as to John M. Black Jr., Glenn B. Laken , reset Sentencing for 2:00 2/14/03 for John M. Black Jr., for Glenn B. Laken ( Entered by Judge William H. Pauley III ) (ac) (Entered: 01/06/2003) |
| 01/03/2003 | | (Court only) **Excludable XH starts and stops on 1/3/03 as to John M. Black Jr., Glenn B. Laken (ac) (Entered: 01/06/2003) |
| 01/16/2003 | 620 | ORDER as to Glenn B. Laken, On application of the U.S.A, by Asst U.S.A. David C. Esseks, and it appearing that access to the materials set forth below may be relevant to disputed sentencing issues now pending before this Court, it is hereby ORDERED, that the Gov't is directed to produce to counsel for dft Glenn B. Laken so much of the presentence investigation reports for the dfts named below as does not include the respective dfts' personal background information and criminal history: David W. Bruno, Lionel Reifler, Adam Kriftcher, and Peter J. Worrell, in case number 00 Cr. 651 (SHS). ( Signed by Judge William H. Pauley III ); (ja) (Entered: 01/17/2003) |
| 01/17/2003 | | Emergency Telephone Conference as to John M. Black Jr., Glenn B. Laken held. Dft Glenn B. Laken not pres, atty Gary Becker pres for dft, AUSA pres Christopher Clark, Court rptr pres Don White, Gov't agreed to FedEx discovery materials to dft and atty Becker for Saturday delivery. (ja) (Entered: 01/22/2003) |
| 01/27/2003 | | Sentence Hearing as to John M. Black Jr., Glenn B. Laken held before Judge William H. Pauley III . AUSA David Essex. AUSA Chris Clark. Deft Black present w/ Atty L. Ruggiero; Deft Laken present w/ Atty G. Lefcourt. (ac) (Entered: 01/29/2003) |
| 01/27/2003 | | (Court only) **Excludable XH starts and stops on 1/27/03 as to John M. Black Jr., Glenn B. Laken (ac) (Entered: 01/29/2003) |
| 01/27/2003 | 621 | Filed Memo-Endorsement on letter: by USA as to Glenn B. Laken, from Christopher J. Clark, AUSA, Dated 1/24/03, addressed to: Judge Pauley, Re: Fatico Hearing, the Government requests a one-day adjournment of the Fatico hearing, to 1/28/03. ... Application denied. SO ORDERED. ( Signed by Judge William H. Pauley III ); Copies faxed. (ja) Modified on 01/29/2003 (Entered: 01/29/2003) |
| 01/28/2003 | | Sentence Hearing continued as to John M. Black Jr., Glenn B. Laken held before Judge William H. Pauley III . Further evidence and/or witnesses to be continued on 2/13/03 at 10:30am. Sentencing for Deft Laken set for 4/4/03 at 11:00am. (ac) (Entered: 01/29/2003) |
| 01/28/2003 | | ORAL ORDER as to John M. Black Jr., Glenn B. Laken , set scheduling order deadlines: Status Conference for 10:30 2/13/03 for John M. Black Jr., for Glenn B. Laken , and set Sentencing for 11:00 4/4/03 for Glenn B. Laken ...So Ordered. ( Entered by Judge William H. Pauley III ) (ac) (Entered: |

| | | 01/29/2003) |
|---|---|---|
| 02/07/2003 | | Show Cause Hearing as to John M. Black Jr., Glenn B. Laken held before Judge William H. Pauley III . AUSA David Esseks present. Deft Black present w/ Atty L. Ruggiero; Deft Laken NOT present w/ Atty Gary Becker. Atty Brian Kohl present w/ material witness. Witness to testify at sentencing hearing on 2/13/03. (ac) (Entered: 02/10/2003) |
| 02/07/2003 | | (Court only) **Excludable XH starts and stops on 2/7/03 as to John M. Black Jr., Glenn B. Laken (ac) (Entered: 02/10/2003) |
| 02/13/2003 | | Telephone Conference as to John M. Black Jr., Glenn B. Laken held. AUSA David Essex. Atty L. Ruggiero (Black); Atty G. Becker (Laken). Discussion on scheduling of hearing date. Date set for 2/19/03 at 11:00am. (ac) (Entered: 02/14/2003) |
| 02/13/2003 | | ORAL ORDER as to John M. Black Jr., Glenn B. Laken , for a hearing on 2/19/03 at 11:00am. ( Entered by Judge William H. Pauley III ) (ac) (Entered: 02/14/2003) |
| 02/19/2003 | | Status conference as to John M. Black Jr., Glenn B. Laken held before Judge William H. Pauley III . AUSA's David Essex and Chris Clark. Deft Laken present w/ Atty's Gerald Lefcourt and Gary Becker; Deft Black present w/ Atty Lawrence Ruggiero. Sentencing hearing continued. Further hearing set for 3/27/03 at 9:30am. (ac) (Entered: 02/21/2003) |
| 02/19/2003 | | Status conference as to John M. Black Jr., Glenn B. Laken set at 9:30 3/27/03 for John M. Black Jr., for Glenn B. Laken (ac) (Entered: 02/21/2003) |
| 02/19/2003 | | (Court only) **Excludable XH starts and stops on 2/19/03 as to John M. Black Jr., Glenn B. Laken (ac) (Entered: 02/21/2003) |
| 03/03/2003 | 626 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of January 3, 2003, before Judge William H. Pauley III . (dt) (Entered: 03/03/2003) |
| 03/18/2003 | 630 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of 1/27/2003, before Judge William H. Pauley III . (pr) (Entered: 03/18/2003) |
| 03/27/2003 | 631 | Filed Memo-Endorsement on letter: by USA as to Glenn B. Laken , from AUSA David Esseks, Dated 3/25/03, addressed to: Judge Pauley Re: US v Glenn Laken, The Govt asked defense counsel to consent to an adjournment to allow the Govt 7 days to review the Defts exhibits. Counsel refused. The Govt therefore requests that the Court adjourn the scheduled evidentiary hearing to allow the Govt a meaningful opportunity to review the evidence proposed by the Deft. ,...Application denied. The Court will address the adjournment and scheduling issues at the 3/27/03 conference. So Ordered. ( Signed by Judge William H. Pauley III ); (ac) (Entered: 03/28/2003) |

| 03/28/2003 | 634 | Filed Memo-Endorsement on letter: by Glenn B. Laken , from Gary G. Becker, Dated March 26, 2003, addressed to: Judge Pauley Re: Conference, Request permission for Mr. Laken to be excused from the proceedings Judge's Decision: Letter application granted. SO ORDERED, ( Signed by Judge William H. Pauley III ); (jw) (Entered: 03/31/2003) |
| --- | --- | --- |
| 03/31/2003 | 636 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of February 7, 2003, before Judge William H. Pauley III . (dt) (Entered: 04/01/2003) |
| 04/02/2003 | 637 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of February 19, 2003, before Judge William H. Pauley III . (dt) (Entered: 04/02/2003) |
| 04/30/2003 | | Status conference as to Glenn B. Laken held before Judge William H. Pauley III. Defendant Glenn B. Laken present with attorneys Gerald B. Lefcourt, Gary Becker and Sheryl E. Reich. AUSA present, David Esseks and Christopher Clark. Court Reporter present Carol Ganley. Government's briefs due 5/30/03; defendant's brief due 6/30/03; government's reply brief due 7/18/03; defendant's post reply letter, if any due 7/24/03. Sentencing set for 7/31/03 at 9:30 a.m. Bail continued. (ph) (Entered: 05/01/2003) |
| 04/30/2003 | | ORAL ORDER as to Glenn B. Laken , set Sentencing for 9:30 7/31/03 for Glenn B. Laken ( Entered by Judge William H. Pauley III ) (ph) (Entered: 05/01/2003) |
| 05/27/2003 | 640 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of March 27, 2003, before Judge William H. Pauley III . (dt) (Entered: 05/27/2003) |
| 06/02/2003 | 644 | Government's Sentencing Submission (jw) (Entered: 06/04/2003) |
| 06/03/2003 | 646 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of 4/30/03, before Judge William H. Pauley III . (pr) (Entered: 06/11/2003) |
| 06/03/2003 | 647 | TRANSCRIPT of record of proceedings as to Glenn B. Laken for dates of April 2, 2003, before Judge William H. Pauley III . (dt) (Entered: 06/17/2003) |
| 06/30/2003 | 651 | Filed Memo-Endorsement on letter: as to John M. Black Jr., Glenn B. Laken, from Gary G. Becker, Atty for the dft Laken, Dated 6/25/03, addressed to: Judge Pauley, Re: a request, for modification of the pre-sentencing briefing schedule, but not the scheduled sentencing date of 7/31/03, in this matter. Currently, our sentencing memorandum in opposition to the Govt's 113-page brief is due 6/30/03; the Govt's reply is to be filed by 7/18/03, and any final defense submission is to be filed by 7/24/03. We respectfully request three additional days -- from 6/30/03 to 7/3/03 -- to submit our memorandum. ... Finally, we note that Mr. Ruggiero joins in this request on behalf of dft John Black. Application Granted. Dft's sentencing submission shall be filed and served by 7/3/03. The Govt's reply shall be filed and served by 7/22/03. Dfts' post-reply letter shall be filed and |

| | | |
|---|---|---|
| | | served by 7/25/03. SO ORDERED. ( Signed by Judge William H. Pauley III ); (ja) (Entered: 07/02/2003) |
| 08/11/2003 | | (Court only) **Terminated party John M. Black (ac) (Entered: 08/13/2003) |
| 09/03/2003 | | Sentencing held Glenn B. Laken (17) count(s) 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss (jw) (Entered: 09/11/2003) |
| 09/03/2003 | 📄 | Judgment entered in money judgment book as #03,1876 as to Glenn B. Laken in the amount of $ 100,800.00, re: 667 Judgment,,,,,,,,. (pr, ) (Entered: 10/20/2006) |
| 09/04/2003 | | DISMISSAL of Count(s) on Government Motion as to Glenn B. Laken Terminated motions: terminating [542-1] motion Consolidating this matter for sentencing the United States v. Laken, 00 Cr. 651 (SHS) so that a consolidated sentencing proceeding may be held before the Honorable William H. Pauley, III. as to Glenn B. Laken (17), terminating [415-1] motion 1. For an order precluding the govt from introducing taped conversations or any other evidence concerning conversations, listed on Exhibit A, which contain unfairly prejudicial, inflammatory, or irrelevant material as to Glenn B. Laken (17), terminating [415-2] motion 2. For an order directing the govt to introduce additional portions of tapes, listed on Exhibit B, necessary to complete the context of the portions the govt intends to play as to Glenn B. Laken (17), terminating [415-3] motion 3. For a hearing, to the extent necessary, to determine whether certain words and phrases in the govt's draft transcripts, listed on Exhibit C, are correct. as to Glenn B. Laken (17), terminating [353-1] motion 1. for an order precluding the govt from introducing evidence at trial concerning Mr. Laken's alleged participation in crimes not charged in the indictment as to Glenn B. Laken (1), terminating [353-2] motion 2. For an order joining in the in limine motions of co-defts. as to Glenn B. Laken (1), terminating [116-1] motion Directing the government to comply immediately with its constitutional obligations under Brady v. Maryland, 373 U.S. 83, 104 (1963), and directing the government to make immediate disclosure of all grand jury testimony and 3500 material because of its failure to honore its obligation under Brady; as to Glenn B. Laken (1), terminating [116-2] motion directing the government to provide a Bill of Particulars and discovery; as to Glenn B. Laken (1), terminating [116-3] motion Joining in the pre-trial motion of co-defts; and granting any other or further relief which to this Court seems reasonable. as to Glenn B. Laken (1) Counts Dismissed: Glenn B. Laken (17) count(s) 1sss, 1ss, 1s, 1, 2ss, 2s, 2, 11ss, 12ss, 13ss, 14ss, 14, 15ss, 15, 16ss, 16s, 16, 17s, 17, 18s, 18, 19s, 19, 20s, 20, 21s, 22s (jw) (Entered: 09/11/2003) |
| 09/04/2003 | 667 | FILED JUDGMENT IN A CRIMINAL CASE. (For offenses committed on or after November 1, 1987). Defendant Glenn B. Laken was found guilty to count(s) 2sss, 9sss , 10sss , 11sss , 12sss , 13sss , 14sss. Underlying and open counts are dismissed on the motion of the US. The defendant shall pay a special assessment of $800 which is due immediately. The defendant is hereby committed to the custody of the US Bureau of Prisons to be |

imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory maximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with other. The court makes the following recommendations to the Bureau of Prisons: 1)The defendant be designated to Eglin Camp at Elgin Air Force Base. 2)The defendant participate in the Bureau of Prisons intensive alcohol treatment program. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2pm on 1/29/04 as notified by the Probation or Pretrial Services Office. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms supervised release to run concurrently on all counts. The defendant shall not possess a firearm. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include urine testing at the direction and discretion of the probation officer. The defendant shall pay a fine of $12,500.00 by October 3, 2003. The fine shall be sent to the Clerk of the Court, Southern District of NY, 500 Pearl Street, NY, NY 10007, Att: Cashier's Office. ; Judgment and Commitment issued to U.S. Marshal ( Signed by Judge William H. Pauley III ). Docketed as a Judgment, #03,1876, on 9/11/03. (jw) Modified on 09/15/2003 (Entered: 09/11/2003)

| Date | No. | Description |
|------|-----|-------------|
| 09/04/2003 | | (Court only) **Terminated party Glenn B. Laken (jw) (Entered: 09/11/2003) |
| 09/05/2003 | 666 | LETTER filed by USA as to Glenn B. Laken From AUSA David C. Esseks, Dated 9/3/03, Addressed to: Judge Pauley Re: moving via letter to dismiss all open counts of 00-cr-651 as to defendant Glenn Laken. (ph) (Entered: 09/08/2003) |
| 09/12/2003 | 669 | NOTICE OF APPEAL by Glenn B. Laken , Glenn B. Laken (17) count(s) 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss. Filing Fee $ 105.00 paid on 9/12/03, Receipt # E 484850, [667-1] judgment order . Copies of notice of appeal mailed to Attorney(s) of Record: US ATTORNEY, SDNY, AND COURT REPORTERS.. (pr) (Entered: 09/16/2003) |
| 09/15/2003 | 670 | SENTENCING SUBMISSION by USA as to John M. Black Jr., Glenn B. Laken. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 671 | SENTENCING MEMORANDUM by Glenn B. Laken. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 672 | GOVERNMENT'S REPLY TO DEFENDANTS' SENTENCING SUBMISSIONS by USA as to John M. Black Jr., Glenn B. Laken. (ph) (Entered: 09/16/2003) |

| 09/15/2003 | 674 | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 7/28/03, Addressed to: Judge Pauley Re: submits this letter in response to the government's "Reply to Defendants' Sentencing Submission," dated 7/22/03. (ph) (Entered: 09/16/2003) |
| --- | --- | --- |
| 09/15/2003 | 675 | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 8/1/03, Addressed to: Judge Pauley Re: suggesting that Your Honor consider scheduling a pre-sentencing conference early next week. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 676 | LETTER filed by USA as to Glenn B. Laken From AUSA David C. Esseks, Christopher Clark, Joshua A. Goldberg, Dated 8/6/03, Addressed to: Judge Pauley Re: submitting this letter in brief response to a new argument and citation of new legal authority by defendant Laken in his 20-page sur-reply brief. (ph) Modified on 09/16/2003 (Entered: 09/16/2003) |
| 09/15/2003 | 677 | LETTER filed by Glenn B. Laken From Attorney Gary G. Becker, Dated 8/7/03, Addressed to: Judge Pauley Re: brief response to the government's letter yesterday regarding U.S. v. Capanelli. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 678 | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 8/21/03, Addressed to: Judge Pauley Re: addressing issues concerning the proper allocation of the sentencing guidelines in this case. (ph) Modified on 09/16/2003 (Entered: 09/16/2003) |
| 09/15/2003 | 679 | LETTER filed by USA as to Glenn B. Laken From AUSAs David C. Esseks, Dated 8/21/03, Addressed to: Judge Pauley Re: submits this letter to address (1) the applicability of the adjustment under Guidelines section 2F1.1(b)(5)(C) for "sophisticated means" arising out of the Pension Fund portion of defendant Laken's criminal conduct; and (2) the defense contention that the Court has insufficiently discounted the loss amount reflected in the FWEB loss chart, GX 103. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 680 | LETTER filed by Glenn B. Laken From Attorney Gary B. Becker, Dated 8/29/03, Addressed to: Judge Pauley Re: submitted on behalf of Glenn Laken in response to the government's letter dated 8/21/03. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 681 | LETTER filed by USA as to John M. Black Jr., Glenn B. Laken From AUSA David Esseks, Dated 1/2/03, Addressed to: Judge Pauley Re: US v Black, Laken. We write to present the Govt's proposed procedure regarding sentencing of Defts Black and Laken. Regarding the pension fund scheme, we believe no additional evidence need be presented to the Court. Regarding the FWEB scheme, there are a number of issues that require additional factual presentations to the Court. (ac) (Entered: 09/16/2003) |
| 09/15/2003 | 685 | LETTER filed by USA as to Glenn B. Laken From AUSA David Esseks, Dated 5/3/02, Addressed to: Judge Pauley Re: US v Glenn Laken. The Govt submits this letter in response to Glenn Laken's opposition to the Govt's motion for an Order freezing certain funds belonging to Deft Laken but currently held by the Chicago Mercantile Exchange. (ac) (Entered: |

| | | 09/16/2003) |
|---|---|---|
| 09/15/2003 | 688 | AFFIRMATION by USA as to John M. Black Jr., Glenn B. Laken Re: in support of the Govt's memorandum regarding sentencing of Deft's Laken and Black. (ac) (Entered: 09/16/2003) |
| 09/15/2003 | 689 | SENTENCING MEMORANDUM by Glenn B. Laken (ac) (Entered: 09/16/2003) |
| 09/15/2003 | 690 | LETTERS IN SUPPORT filed as to Glenn B. Laken Addressed to: Judge Pauley Re: US v Glen Laken (ac) (Entered: 09/16/2003) |
| 09/15/2003 | 691 | AFFIRMATION as to Glenn B. Laken by Gerald B. Lefcourt Re: in support of Mr. Laken's accompanying Sentence Memorandum. (ac) (Entered: 09/16/2003) |
| 09/15/2003 | 692 | LETTER filed by USA as to Glenn B. Laken, From David C. Esseks, AUSA, Dated 9/2/03, Addressed to: Judge Pauley, Re: enclosing a copy of the 2/11/03 sentencing transcript in U.S. v. Alan Bond, 01 Cr. 1140 (LBS), referenced in my 8/21/03 letter but unfortunately not attached to that submission. (ja) (Entered: 09/16/2003) |
| 09/15/2003 | 693 | LETTER filed as to Glenn B. Laken, From Gary G. Becker, Atty for the dft, Dated 9/2/03, Addressed to: Judge Pauley, Re: we wish to be certain that in considering the parties' recent sentencing submissions, your Honor is aware that Mr. Laken continues to press his argument that upward adjustments for both "use of mass marketing" in FWEB and "more than minimal planning" in FWEB, constitutes impermissible double-counting. ... Either one of the adjustments is appropriate - but not both. (ja) (Entered: 09/16/2003) |
| 09/15/2003 | 694 | LETTER filed by USA as to Glenn B. Laken, From David C. Esseks/Christopher Clark/Joshua A. Goldbert, AUSAs, Dated 8/29/03, Addressed to: Judge Pauley, Re: response to the 8/21/03 submission by dft Glenn Laken. ...and as stated, in the Govt's 8/21/03 letter submission, the sophisticated means adjustment must be applied to Laken's Sentencing Guidelines calculation, and no downward departure is warranted. The Court should sentence dft Laken within the Guideline range of 63 to 78 months in prison, incorporating the sophisticated means adjustment that the existing factual findings require be applied to Laken's Guidelines calculations, and without departing for any allegedly extraordinary circumstances. (ja) (Entered: 09/16/2003) |
| 09/15/2003 | 695 | LETTER filed by USA as to Glenn B. Laken From AUSA Christopher J. Clark, Dated 1/17/02, Addressed to: Judge Pauley Re: materials relating to the evidentiary hearing scheduled for 1/27/03. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 696 | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 5/3/02, Addressed to: Judge Pauley Re: submits this letter in response the government's reply to our correspondence earlier today opposing the entry of an Order restraining certain of Mr. Laken's assets. (ph) (Entered: 09/16/2003) |

| | | |
|---|---|---|
| 09/15/2003 | 697 | LETTER filed by USA as to Glenn B. Laken From AUSA David C. Esseks, Dated 12/6/03, Addressed to: Judge Pauley Re: writing in response to defendant Laken's application to bar the Court from considering the full scope of the government's sentencing position in this case. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | 698 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated January 23, 2003, Addressed to: Judge Pauley Re: This letter is respectfully submitted on behalf of Glenn Laken in response to the government's letter to the Court, dated January 17, 2003. Refer to 00 cr 651 (WHP). (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 699 | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated February 5, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: The Government writes to inform you that GX 3501-G, provided to you in connection with the evidentiary hearing in the above-captioned case, was prepared by Special Agent Timothy Bell. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 700 | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated February 11, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: As explained to Mr. Becker this afternoon, the Government objects to the admission of the affidavit of Hutch Hubard and the accompanying exhibits. Given the fact that the Hubbard affidavit fails to establish these necessary foundational facts to the relevance of the attached charts, it should not be admitted in the hearing absent an adequate factual foundation. Refer to 00 cr 651 (SHS). (jw) Modified on 09/17/2003 (Entered: 09/17/2003) |
| 09/15/2003 | 701 | LETTER filed by Glenn B. Laken From Gary G. Becker, Dated February 13, 2003, Addressed to: Judge Pauley Re: This letter is submitted on behalf of Mr. Laken to urge the admission of the affidavit of Hutch Hubbard at the continued Fatico hearing. But given that the government has not questioned either the authenticity of the account statements relied on by Mr. Hubbard, or his analysis of those documents, Mr. Hubbard's evidence should be received by the Court. (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 702 | LETTER filed by Glenn B. Laken From Gary G. Becker, Dated February 18, 2003, Addressed to: Judge Pauley Re: This letter is submitted on behalf of Mr. Laken in regard to the continued Fatico hearing. We appreciate that the Court is eager to bring the evidentiary portion of this proceeding to a close, but given the unreliability of the government's exhibits - conceded in part by the government and the enormity of what may be at stake, this witness's testimony should not proceed until Mr. Laken is prepared to meet it. (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 703 | LETTER filed by Glenn B. Laken From Gary G. Becker, Dated March 26, 2003, Addressed to: Judge Pauley Re: I regret the need to submit this reply to the government's March 25, 2003 letter which again draws us into a needles imbroglio because of its misleading and inaccurate statements. We asked the government to do that but unfortunately, it declined. (jw) (Entered: |

| | | |
|---|---|---|
| | | 09/17/2003) |
| 09/15/2003 | 704 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated March 26, 2003, Addressed to: Judge Pauley Re: The Court will recall that, in connection with the sentencing of Glenn Laken in the above matters, we asked to supply to the Court our own analysis of the underlying data supporting the government's calculation of loss to FWEB shareholders it claims was caused by Mr. Laken. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 705 | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated April 25, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: The government has reviewed the loss charts prepared by the defense in the above-captioned case. The Government is prepared to stipulate to the use of a draft chart prepared by the defense and provided to the Government by the defense on April 22, 2003. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/17/2003) |
| 09/15/2003 | 706 | LETTER filed by Glenn B. Laken From Gary G. Becker, Dated April 25, 2003, Addressed to: Mr. Clark Re: This responds to your letter dated today. We see no basis for accepting the stipulation that you propose, and we believe that the evidentiary hearing should go forward. Refer to 00 cr 651. (jw) Modified on 09/18/2003 (Entered: 09/18/2003) |
| 09/15/2003 | 709 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated February 7, 2003, Addressed to: Mr. Clark Re: Mr. Laken reserves the right to call James Gagel, Esq at the continued Fatico hearing next week. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/19/2003) |
| 09/15/2003 | 710 | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated April 29, 2003, Addressed to: Judge Pauley Re: The Government hereby moves, for an order requiring the above-captioned defendant to produce all statements by Hutch Hubbard relating to any and all testimony he will give on April 30, 2003. (jw) (Entered: 09/19/2003) |
| 09/15/2003 | 711 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated May 3, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted on behalf of Glenn Laken in opposition to the government's May 1, 2002 letter application for an order freezing certain funds belonging to Mr. Laken in order "to satisfy" a restitution order that the government will seek at ssentencing in connection with asserted losses in FWEB. For all the foregoing reasons, the Court should deny the government's application to issue a restraining order. (jw) (Entered: 09/22/2003) |
| 09/15/2003 | 712 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated November 19, 2002, Addressed to: Judge Pauley Re: request that the sentencing in this matter be adjourned. Accordingly, there should be an adjournment so that both the defense and Probation have an adequate time to review the government's sentencing submission. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/22/2003) |

| 09/15/2003 | 714 | LETTER filed by Glenn B. Laken From Gerald Lefcourt, Dated November 29, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted in further support of Glenn Laken's application for a ruling by the Court that the government forfeited its right to object to the Presentence Report. The only fair resolution is to preclude consideration of the government's untimely "objections" to the PreSentence Report. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/22/2003) |
| --- | --- | --- |
| 09/15/2003 | 715 | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated November 29, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted in further support of Glenn Laken's application for a ruling by the Court that the government forfeited its right to object to the PreSentence Report by failing to comply. The only fair resolution is to preclude consideration of the government's untimely objections to the Presentence Report. Refer to 00 cr 651 (SHS). (jw) (Entered: 09/22/2003) |
| 09/16/2003 | | Notice of Appeal with copy of order/judgment and two copies of docket entries as to Glenn B. Laken transmitted to USCA re: [669-1] appeal on 9/16/03 (pr) (Entered: 09/16/2003) |
| 09/17/2003 | 707 | SEALED DOCUMENT as to Glenn B. Laken (wv) (Entered: 09/18/2003) |
| 10/06/2003 | | USCA Case Number as to Glenn B. Laken Re: [669-1] appeal USCA NUMBER: 03-1487. (dt) (Entered: 10/06/2003) |
| 10/07/2003 | 722 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of 8/8/03, before Judge William H. Pauley III . (tr) (Entered: 10/07/2003) |
| 10/07/2003 | 724 | Filed Memo-Endorsement on letter: by Glenn B. Laken, from Attorney Richard Levitt, Dated 10/3/03, addressed to: Judge Pauley Re: requesting that Mr. Laken's restitution papers be filed on Tuesday, 10/7/03 rather than Monday, 10/6/03, Judge memo-endorsed: Application granted. Defendant's counsel is directed to serve this order on the government. So ordered. ( Signed by Judge William H. Pauley III ); (ph) (Entered: 10/10/2003) |
| 10/07/2003 | 727 | SUPPLEMENTAL MEMORANDUM OF LAW by Glenn B. Laken, Re: Restitution (ja) (Entered: 10/16/2003) |
| 10/09/2003 | 723 | TRANSCRIPT of record of proceedings as to John M. Black Jr., Glenn B. Laken for dates of 8/7/03, before Judge William H. Pauley III . (tr) (Entered: 10/09/2003) |
| 10/22/2003 | 728 | File notice that the record on appeal as to Glenn B. Laken has been certified and transmitted to USCA on 10/22/03 [669-1] appeal. (dt) (Entered: 10/22/2003) |
| 10/28/2003 | | USCA Case Number as to Glenn B. Laken Re: [669-1] appeal USCA NUMBER: 03-1487 (pr) (Entered: 10/28/2003) |
| 11/05/2003 | 734 | TRANSCRIPT of record of proceedings as to Glenn B. Laken for dates of 9/3/03, before Judge William H. Pauley III . (df) (Entered: 11/05/2003) |

| 11/21/2003 | 739 | Filed Memo-Endorsement on letter: by Glenn B. Laken , from Gary G. Becker, Dated November 11, 2003, addressed to: Judge Pauley Re: Expenses, Requesting that the Court now authorize us to release those monies to Mr. Laken so that he may meet his necessary living expenses, outstanding bills, and required legal fees Judge's Memo-endorsed.. Application denied pending a decision on restitution. SO ORDERED , ( Signed by Judge William H. Pauley III ); (jw) (Entered: 11/22/2003) |
| 12/02/2003 | 740 | AMENDED JUDGMENT as to Glenn B. Laken (17), Count(s) 1, 11ss, 12ss, 13ss, 14, 14ss, 15, 15ss, 16, 16s, 16ss, 17, 17s, 18, 18s, 19, 19s, 1s, 1ss, 1sss, 2, 20, 20s, 21s, 22s, 2s, 2ss, Underlying and open counts are dismissed on the motion of the US; Count(s) 10sss. Reason for Amendment: Modification of Restitution Order -$6,620,675.33. Fine: $12,500.00. Special assessment: $800. The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 11sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 12sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 13sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences |

on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 14sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 2sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.; Count(s) 9sss, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty (20) Years, is sixty-three months. The sentences on Counts 9,10,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statutory maximum of five years, is sixty months. The sentences on Counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory m aximum of three (3) years, is thirty-six months. The sentences on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. All terms of supervised release t o run concurrently on all counts.. (Signed by Judge William H. Pauley on 12/2/03)(ph, ) (Entered: 12/02/2003)

| 12/11/2003 | 741 | AMENDED NOTICE OF APPEAL by Glenn B. Laken from 740 Amended Judgment. Copies of Notice of Appeal mailed to Attorney(s) of Record: US ATTORNEY, SDNY. (pr, ) (Entered: 12/12/2003) |

| 12/11/2003 | | Transmission of AMENDED Notice of Appeal and Certified Copy of Docket Sheet as to Glenn B. Laken to US Court of Appeals re: 741 AMENDED Notice of Appeal - Final Judgment. (pr, ) (Entered: 12/12/2003) |
|---|---|---|
| 01/22/2004 | 744 | ENDORSED LETTER as to Glenn B. Laken addressed to Judge Pauley from Attorney Richard Levitt dated 1/21/04 re: requesting that Mr. Laken's surrender date be moved from 1/29/04 to 2/10/04. Judge memo-endorsed: Application granted. SO ORDERED. (Copies faxed by Chambers). (Signed by Judge William H. Pauley III on 1/21/04)(ph, ) (Entered: 01/23/2004) |
| 01/22/2004 | 745 | ORDER as to Glenn B. Laken. The Court received the attached ex parte communication from defendant's counsel Richard Ware Levitt, and forwards it to the Government. Plaintiff's counsel is cautioned not to send ex parte communications to this Court. (Signed by Judge William H. Pauley III on 1/20/04)(jw, ) (Entered: 01/27/2004) |
| 01/27/2004 | 749 | Letter on behalf of Glenn B. Laken, addressed to Judge Pauley, from Richard Levitt, Atty for the defendant, dated 1/15/04, re: a request for assistance in providing the Federal Bureau of Prisons additional information regarding the prison designation for Glenn Laken. (ja, ) (Entered: 02/04/2004) |
| 01/27/2004 | 750 | Letter by USA as to Glenn B. Laken, addressed to Judge Pauley, from David C. Esseks, AUSA, dated 1/23/04, re: responding to Glenn Laken's 1/15/04 request (received by the Government on 1/21/04) that the Court weigh in with the Bureau of Prisons on the appropriate designation for Laken, enclosing a proposed letter for the Court's consideration. (ja, ) (Entered: 02/04/2004) |
| 01/29/2004 | 748 | ORDER as to Glenn B. Laken. After reviewing the defendant Laken's letter, dated 1/15/04, and the Government's response, dated 1/23/04, defendant Laken's request that this Court forward a letter to the Federal Bureau of Prisons concerning Laken's facility designation is denied. SO ORDERED. (Signed by Judge William H. Pauley III on 1/26/04) Copies mailed by Chambers.(ja, ) (Entered: 02/03/2004) |
| 02/03/2004 | 751 | ENDORSED LETTER as to Glenn B. Laken, addressed to Judge Pauley, from Richard Levitt, Atty for the dft, dated 2/2/04, re: a joint request with the Government that Mr. Laken's surrender date be moved from 2/10/04 to 3/9/04, to accommodate an adjournment of the date upon which Mr. Laken's previously filed motion for bail pending appeal will be argued. -- Letter application granted on consent, dft's surrender date is adjourned to 3/9/04. SO ORDERED.(Signed by Judge William H. Pauley III on 2/2/04)(ja, ) (Entered: 02/05/2004) |
| 03/05/2004 | 755 | Letter by Glenn B. Laken addressed to Judge Pauley from Attorney Gary G. Becker dated 3/5/04 re: following up correspondence to the Court yesterday regarding objectionable language in Mr. Laken's Presentence Report. (ph, ) (Entered: 03/09/2004) |

| 03/05/2004 | 756 | Letter by Glenn B. Laken addressed to Judge Pauley from Attorney Gary G. Becker dated 3/8/04 re: responding to the correspondence from David Esseks, dated 3/5/04. (ph, ) (Entered: 03/09/2004) |
| 03/08/2004 | 753 | Letter by Glenn B. Laken addressed to Judge Pauley from Gary G. Becker dated March 4, 2004 re: This letter is respectfully submitted on behalf of Glenn Laken to request a conference with the Court at its earliest convenience. (jw, ) (Entered: 03/09/2004) |
| 03/08/2004 | 754 | Letter by USA as to Glenn B. Laken addressed to Judge Pauley from David C. Esseks dated March 5, 2004 re: I write in response to Glenn Laken's March 4, 2004 and March 5, 2004 requests that the Court direct that certain paragraphs be removed from his Presentence Report and issue a memorandum to the Bureau of Prisons in order to affect the Bureau of Prisons designation of his place of incarceration. (jw, ) (Entered: 03/09/2004) |
| 03/08/2004 | 757 | ORDER as to Glenn B. Laken re: 755 Letter filed by Glenn B. Laken, 756 Letter filed by Glenn B. Laken, 754 Letter, filed by USA. First,... this Court lacks jurisdiction to consider his request to strike certain language from the Presentence Report; and Second, after considering Laken's March 4 and March 5 letters, and the Govt's response, dated 3/5/04, dft Laken's request that this Court issue a Memorandum concerning certain language in the Presentence Report is denied. SO ORDERED. (Signed by Judge William H. Pauley III on 3/8/04,) Copies Mailed By Chambers.(ja, ) (Entered: 03/09/2004) |
| 07/30/2004 | 781 | (Court only) SEALED DOCUMENT as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black Jr., Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo placed in vault. (js, ) (Entered: 08/02/2004) |
| 05/02/2005 | | Appeal Record Sent to USCA (File). Indexed record on Appeal as to John M. Black, Jr, Glenn B. Laken re: 661 Notice of Appeal - Final Judgment, USCA Case Number 03-1487, were transmitted to the U.S. Court of Appeals. (tp, ) (Entered: 05/02/2005) |
| 11/09/2005 | 813 | 1st Supplemental ROA Sent to USCA (Index). Notice that the Supplemental Index to the record on Appeal as to John M. Black, Jr, Glenn B. Laken re: 661 Notice of Appeal - Final Judgment,, 669 Notice of Appeal - Final Judgment,, 741 Notice of Appeal - Final Judgment USCA Case Number 03-1487, 3 Copies of the index, Certified Supplemental Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (nd, ) (Entered: 11/10/2005) |
| 11/09/2005 | | 1st Supplemental ROA Sent to USCA (File). Supplemental Indexed record on Appeal Files as to John M. Black, Jr, Glenn B. Laken re: 661 Notice of Appeal - Final Judgment,, 669 Notice of Appeal - Final Judgment,, 741 |

| | | |
|---|---|---|
| | | Notice of Appeal - Final Judgment USCA Case Number 03-1487, were transmitted to the U.S. Court of Appeals on 9/10/05 to the attn. of V. Mathias. (nd, ) (Entered: 11/10/2005) |
| 06/05/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Status Conference as to (S4-00-Cr-632-17) Glenn B. Laken held on 6/5/2006. Crosby Remand Conference held. Deft not present. Atty Richard Levitt present. AUSA present David Esseks. Court Reporter present. Sentencing conference set for 7/7/06 at 12:30 p.m. (bw, ) (Entered: 07/14/2006) |
| 06/05/2006 | | ORAL ORDER as to Glenn B. Laken. Sentencing set for 7/7/2006 12:30 PM before Judge William H. Pauley III.(bw, ) (Entered: 07/14/2006) |
| 06/19/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Yvonne Shivers as to Glenn B. Laken: to MANUALLY RE-FILE Document Sentencing Memorandum, Document No. 832. This case is not ECF. (gf, ) (Entered: 06/19/2006) |
| 06/19/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Yvonne Shivers as to Glenn B. Laken: to MANUALLY RE-FILE Document Sentencing Memorandum, Document No. 832. This case is not ECF. (gf, ) (Entered: 06/19/2006) |
| 06/29/2006 | 833 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF CASE - SENTENCING MEMORANDUM by Glenn B. Laken. (Attachments: # 1 Certificate of Service)(Shivers, Yvonne) Modified on 6/30/2006 (gf, ). (Entered: 06/29/2006) |
| 06/30/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Yvonne Shivers as to Glenn B. Laken: to MANUALLY RE-FILE Document Sentencing Memorandum, Document No. 833. This case is not ECF. (gf, ) (Entered: 06/30/2006) |
| 06/30/2006 | 834 | ENDORSED LETTER as to Glenn B. Laken, addressed to Judge Pauley, from David C. Esseks, AUSA, dated 6/23/06, re: the Govt's response to Laken's Crosby sentencing submission is due today.... request for leave to submit the response on Tuesday, June 27, 2006. -- Judge endorsed: Application Granted. SO ORDERED. (Signed by Judge William H. Pauley III on 6/23/06)(ja, ) (Entered: 07/06/2006) |
| 06/30/2006 | 835 | ENDORSED LETTER as to Glenn B. Laken, addressed to Judge Pauley, from Richard Levitt, Atty for dft, dated 6/26/06, re: Crt appearance scheduled for 7/7/06. Request that, if the Court anticipates resentencing Mr. Laken on that date, Mr. Laken be permitted to appear by telephone rather than in person. -- Judge endorsed: Application Granted. SO ORDERED. (Signed by Judge William H. Pauley III on 6/27/06)(ja, ) (Entered: 07/06/2006) |
| 07/07/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Status Conference as to (S4-00-Cr-632-17) Glenn B. Laken held on 7/7/2006. Crosby Remand Conference held. Deft present via teleconference. Atty Richard Levitt and Gary Becker present. AUSA present David Esseks. Court |

| | | Reporter present Kristen Carannante. Sentencing set for 7/13/06 at 5:00 p.m. (bw, ) (Entered: 07/14/2006) |
|---|---|---|
| 07/07/2006 | | ORAL ORDER as to Glenn B. Laken. Sentencing set for 7/13/2006 05:00 PM before Judge William H. Pauley III.(bw, ) (Entered: 07/14/2006) |
| 07/14/2006 | | Minute Entry for proceedings held before Judge William H. Pauley III:Sentencing held on 7/14/2006 for Glenn B. Laken (17) Count 2sss,9sss,10sss,11sss,12sss,13sss,14sss. Crosby Remand Sentencing held. Deft present via teleconference. Attorney Richard Levitt and Gary Becker present. AUSA present David Esseks. Court Reporter present Jerry Harrison. Deft resentenced to 63 months imprisonment followed by two years of supervised release. [See Amended Judgment filed on 7/19/06](bw, ). (Entered: 07/25/2006) |
| 07/19/2006 | 837 | AMENDED JUDGMENT In A Criminal Case (S4-00-Cr-632-17 & 00-Cr-651-01). Date of Imposition of Judgment: 9/3/2003. Date of Last Amended Judgment: 12/2/2003. Reason for Amendment: Modification of Restitution Order. Defendant's Attorney: Richard Levitt, Gary G. Becker. Defendant Glenn B. Laken (17) was found guilty on Count(s) 2sss, 9sss, 10sss, 11sss, 12sss, 13sss, 14sss of case number 1:S4-00-Cr-632-17(WHP) after a plea of not guilty. Count(s) underlying and open are dismissed on the motion of the United States. The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Imprisonment: 63 Months. The sentences on Count 2 of S4-00-Cr-632(WHP), which carries a statutory maximum of twenty (20) years, is 63 months. The sentences on Counts 9,10,12 and 13 of S4-00-Cr-632(WHP), and Count 1 of 00-Cr-651-01(WHP), each of which carries a statutory maximum of 5 years, is 60 months. The sentences on Counts 11 and 14 of S4-00-Cr-632(WHP), which carry a statutory maximum of 3 years, is 36 months. The sentences on all counts shall run concurrently with each other. The court makes the following recommendations to the Bureau of Prisons: 1. The defendant be designated to his current location at the Yankton, South Dakota facility. 2. The defendant be offered the next available slot to participate in the Bureau of Prisons intensive alcohol treatment program. The defendant is remanded to the custody of the United States Marshal. Supervised Release: 2 Years. The term of supervised release on Counts 2,9,10,12 and 13 of S4-00-Cr-632(WHP), and Count 1 of 00-Cr-651-01(WHP), each of which carries a statutory maximum term of supervised release of 3 years, is 2 years. The term of supervised release on Counts 11 and 14 of S4-00-Cr-632(WHP), which carry a statutory maximum term of supervised release of 1 year, is 1 year. All terms of supervised release are to run concurrently on all counts. The defendant shall not possess a firearm as defined in 18 U.S.C. Section 921. Special Conditions of Supervision (see p.5 of judgment). Assessment: $800.00. Fine: $100,000.00. Additional Terms For Criminal Monetary Penalties (see p.7 of judgment). Schedule of Payments (see p.8 of judgment). (Signed by Judge William H. Pauley III on 7/19/06)(bw, ) (Entered: 07/25/2006) |

| | | |
|---|---|---|
| 07/19/2006 | | (Court only) ***Location LC started as to Glenn B. Laken.(bw, ) (Entered: 07/25/2006) |
| 07/21/2006 | 839 | ENDORSED LETTER as to Glenn B. Laken addressed to Judge Pauley from Attorney Gerald B. Lefcourt dated 7/14/06 re: submitted to request that the Court order the release of the funds that they presently hold in escrow on behalf of Mr. Laken. Before any funds are otherwise disbursed, defense agrees to first pay the balance of $99,519 due upon the newly-imposed fine of $100,000 and also to pay the special assessment of $800. JUDGE SO ORDERED. (Signed by Judge William H. Pauley III on 7/19/06)(bw, ) (Entered: 07/25/2006) |
| 07/25/2006 | 838 | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/7/06 before Judge William H. Pauley III. (tro, ) (Entered: 07/25/2006) |
| 07/26/2006 | 840 | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/14/06 @11:22a.m. before Judge William H. Pauley III. (mo, ) (Entered: 07/26/2006) |
| 08/01/2006 | | Appeal Record Returned. Indexed record on Appeal Files as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black, Jr, Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo re: 669 Notice of Appeal - Final Judgment,, 661 Notice of Appeal - Final Judgment,, 741 Notice of Appeal - Final Judgment USCA Case Number 03-1244-cr (L), returned from the U.S. Court of Appeals. (nd, ) (Entered: 08/07/2006) |
| 08/02/2006 | 841 | ORDER as to Glenn B. Laken. IT IS HEREBY ORDERED AND ADJUDGED.... the dft Glenn Laken has satisfied the terms of his pretrial release and is incarcerated under the custody of the BOPs; that the $50,000 cash bail posted on behalf of Glenn Laken, as evidenced by receipt #102 1405 from the USDC ND of Illinois, which has accrued to $56,795.52, and is presently in the custody of the Office of the Clerk of the SDNY, is hereby exonerated. IT IS FURTHER ORDERED that said cash bail in the amount of $56,795.52 shall be returned forthwith to Glenn Laken, 420 W. Grand Street, Chicago, IL 60606. (Signed by Judge William H. Pauley III on 7/28/06)(ja, ) (Entered: 08/03/2006) |
| 08/03/2006 | | Payment of Fine from Glenn B. Laken in the amount of $99,519.00. Date Received: 7/31/06. (mn, ) (Entered: 08/03/2006) |
| 08/03/2006 | | Payment of Fine from Glenn B. Laken in the amount of $800.00. Date Received: 7/31/06. (mn, ) (Entered: 08/03/2006) |
| 08/03/2006 | 842 | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/7/06 before Judge William H. Pauley III. (tro, ) (Entered: 08/03/2006) |

| | | |
|---|---|---|
| 08/07/2006 | 📄 | First Supplemental ROA Returned. Supplemental Indexed record on Appeal Files as to Robert A. Lino, James S. Labate, Frank A. Persico, Anthony P. Stropoli, Salvatore R. Piazza, Stephen E. Gardell, Cary F. Cimino, Sebastian Rametta, James F. Chickara, Ralph Dematteo, Robert P. Gallo, Michael T. Grecco, John M. Black, Jr, Angelo Calvello, Joseph A. Mann, William M. Stephens, Glenn B. Laken, Gene E. Phillips, A. Cal Rossi, Vincent G. Langella, William F. Palla, Todd M. Nejaime, Steven J. D'Apuzzo re: 669 Notice of Appeal - Final Judgment,, 741 Notice of Appeal - Final Judgment USCA Case Number 03-1244, returned from the U.S. Court of Appeals. (nd, ) (Entered: 08/07/2006) |
| 08/15/2006 | 📄 843 | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/14/2006 before Judge William H. Pauley III. (jmi, ) (Entered: 08/15/2006) |
| 10/19/2006 | 📄 845 | SATISFACTION OF JUDGMENT as to Glenn B. Laken, in the amount of $100,800.00. Judgment satisfied on 10/19/06. (pr, ) (Entered: 10/20/2006) |
| 10/10/2008 | 📄 850 | Supervised Release Jurisdiction Transferred Out to the U.S.D.C. - Northern District of Illinois (Chicago) as to (S4-00-Cr-632-17) Glenn B. Laken. [*** NOTE: For Case 00-Cr-651-01(WHP also. ***] (bw) (Entered: 10/10/2008) |
| 10/10/2008 | 📄 | TRANSFER OUT SUPERVISED RELEASE DOCUMENTS SENT as to (S4-00-Cr-632-17) Glenn B. Laken to the U.S.D.C. - Northern District of Illinois (Chicago). Certified copies of the following documents were mailed: 1) Transfer of Jurisdiction Form [doc.#850], 2) Judgment [doc.#837], 3) (S4) Superseding Indictment [doc.#381], 4) Docket Sheet, and letter of acknowledgment. Mailed via Federal Express AIRBILL # 8663-0804-9429 on 10/10/2008. (bw) (Entered: 10/10/2008) |

# UNITED STATES DISTRICT COURT
## Southern District of New York

DOC # 123

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| GLEN B. LAKEN | |

Case Number: **1: S4 00 Cr. 00632 - 17 (WHP)**

**Date of Original** _12/02/2003_
**(Or Date of Last Amended Judgment)**

Richard Levitt, Esq., Gary G. Becker, Esq.
Defendant's Attorney

**Reason for Amendment:**

- [ ] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.

- [ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modifications of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant [ ] 28 U.S.C. § 2255, [ ] 18 U.S.C. § 3559(c)(7), [X] Modification of Restitution Order

**THE DEFENDANT:**

xx pleaded guilty to count(s) _1 of case number 1: 00 Cr. 00651 - 01 (WHP)_

DOCKETED AS A JUDGMENT

- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

xx was found guilty on count(s) _2,9,10,11,12,13,14 of case number 1: S4 00 Cr. 00632 - 17 (WHP)_
after a plea of not guilty.

| **Title & Section** | **Nature of Offense** | **Date Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18 USC 1962(d) | Racketeering Conspiracy | 06/14/2000 | 2 |
| 18 USC 371 | Conspiracy to commit union pension fund fraud and kickback conspiracy | 06/14/2000 | 9 |
| 18 USC 1343, 1346 and 2 | Wire Fraud | 03/02/2000 | 10 |
| 18 USC 1954 and 2 | Payment of illegal kickbacks | 06/14/2000 | 11 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____

xx Count(s) ___underlying and open___ [ ] is [x] are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

_09/03/2003_
Date of Imposition of Judgment

Signature of Judicial Officer

**William H. Pauley III, United States District Judge**
Name and Title of Judicial Officer

_7 - 19 - 06_
Date

Defendant's Mailing Address:
same as above

10/10/08

U.S. DISTRICT COURT
FILED
JUL 19 2006
S.D. OF N.Y.

AO 245C    (6/99) Amended Judgment in a Criminal Case
           Sheet 1 — Reverse                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __8__

DEFENDANT:        Glen B. Laken
CASE NUMBER:      1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1343 and 2 | Wire fraud | 04/13/2000 | 12 |
| 18 USC 1343, 1346 and 2 | Theft of honest services | 04/24/2000 | 13 |
| 18 USC 1954 and 2 | Payment of illegal kickbacks | 06/14/2000 | 14 |
| **Case Number** | **1: 00 Cr. 00651 - 01 (WHP)** | | |
| 18 USC 371 | Conspiracy to commit securities fraud | 06/14/2000 | 1 |

Judgment — Page __3__ of __8__

**DEFENDANT:**      Glen B. Laken
**CASE NUMBER:**      1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

# IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___63 MONTHS___ .

The sentences on Count 2 of S4 00 Cr. 632 (WHP), which carries a statutory maximum of twenty (20) years, is sixty-three (63) months. The sentences on Counts 9,10,12 and 13 of S4 00 Cr. 632 (WHP), and Count 1 of 00 Cr. 651 - 01 (WHP), each of which carries a statutory maximum of five (5) years, is sixty (60) months. The sentences on Counts 11 and 14 of S4 00 Cr. 632 (WHP), which carry a statutory maximum of three (3) years, is thirty-six (36) months. The sentences on all counts shall run concurrently with each other.

xx      The court makes the following recommendations to the Bureau of Prisons:

        1. The defendant be designated to his current location at the Yankton, South Dakota facility.
        2. The defendant be offered the next available slot to participate in the Bureau of Prisons intensive alcohol treatment program.

X      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

        ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

        ☐   as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐   before 2 p.m. on _____ .

        ☐   as notified by the United States Marshal.

        ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:          Glen B. Laken
CASE NUMBER:        1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  2 years
The term of supervised release on Counts 2,9,10,12, and 13 of S4 00 Cr. 632 (WHP), and Count 1 of 00 Cr. 651 - 01 (WHP), each of which carries a statutory maximum term of supervised release of three (3) years, is two (2) years.  The term of supervised release on Counts 11 and 14 of S4 00 Cr. 632 (WHP), which carry a statutory maximum term of supervised release of one (1) year, is one (1) year.  All terms of supervised release are to run concurrently on all counts.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk future substance abuse.  (Check, if applicable.)

XX  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page ___5___ of ___8___

DEFENDANT:        Glen B. Laken
CASE NUMBER:      1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

3. The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include urine testing at the direction and discretion of the probation officer.

4. The defendant shall report to the nearest Probation Office within 72 hours of release from custody.

5. The defendant shall be supervised by the district of residence.

6. The defendant shall pay a fine payable to the Clerk, U.S. District Court in the amount of $100,000.00. The fine shall be paid from monies previously held in an escrow account for the defendant. If the fine is not able to be satisfied prior to defendant's release, the fine shall be paid in monthly installments of 15 % of the defendant's gross monthly income over a period of supervision to commence 30 days after the date of the judgment or defendant's release from imprisonment.

AO 245C     (8/96) Amended Judgment in a Criminal Case
            Sheet 5, Part A — Criminal Monetary Penalties                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___6___ of ___8___

DEFENDANT:        Glen B. Laken
CASE NUMBER:      1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 800.00 | $ 100,000.00 | $ N/A |

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of     $ _____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   The interest requirement is waived.

☐   The interest requirement is modified as follow:

# RESTITUTION

☐   The determination of restitution is deferred until _____ .  An Amended Judgment in a Criminal Case will be entered after such determination.

☐   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (6/05) Amended Judgment in a Criminal Case
Sheet 5, Part A — Reverse — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___7___ of ___8___

DEFENDANT: Glen B. Laken
CASE NUMBER: 1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

1. The defendant shall pay a fine payable to the Clerk, U.S. District Court in the amount of $100,000.00. The fine shall be paid from monies previously held in an escrow account for the defendant. If the fine is not able to be satisfied prior to defendant's release, the fine shall be paid in monthly installments of 15 % of the defendant's gross monthly income over a period of supervision to commence 30 days after the date of the judgment or defendant's release from imprisonment

2. The fine shall be sent to the Clerk of the Court, Southern District of New York , 500 Pearl Street, New York, NY 10007, Att: Cashier's Office.

3. The defendant shall notify the United States Attorney for the district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO (Rev) Amended Judgment in a Criminal Case
Sheet 5, Part B — Criminal Monetary Penalties        (NOTE: Identify Changes with Asterisks

Case 1:00-cr-90454 Document #: 8-2 Filed: 10/14/08 Page 63 of 110 PageID #:177

Judgment — Page __8__ o __8__

DEFENDANT:        Glen B. Laken
CASE NUMBER:        1: S4 00 Cr. 00632 - 17 (WHP), 1: 00 Cr. 00651 - 01 (WHP)

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  ☐  In full immediately; or

**B**  x  $ __800.00_____  immediately, balance due (in accordance with C, D, or E); or

**C**  ☐  not later than  _____ ; or

**D**  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

**E**  ☐  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

**The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.**

Special instructions regarding the payment of criminal monetary penalties:
1. The defendant shall pay a fine payable to the Clerk, U.S. District Court in the amount of $100,000.00. The fine shall be paid from monies previously held in an escrow account for the defendant. If the fine is not able to be satisfied prior to defendant's release, the fine shall be paid in monthly installments of 15 % of the defendant's gross monthly income over a period of supervision to commence 30 days after the date of the judgment or defendant's release from imprisonment

2. The fine shall be sent to the Clerk of the Court, Southern District of New York , 500 Pearl Street, New York, NY 10007, Att: Cashier's Office.

3. The defendant shall notify the United States Attorney for the district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

CLOSED

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CRIMINAL DOCKET FOR CASE #: 1:00-cr-00651-WHP-1
# Internal Use Only

Case title: USA v. Laken, et al

Date Filed: 06/14/2000
Date Terminated: 09/03/2003

Assigned to: Judge William H. Pauley, III

Appeals court case numbers: 03-1569, 03-1569.



## Defendant (1)

**Glenn B. Laken**
*TERMINATED: 09/04/2003*

represented by **Gerald B. Lefcourt**
Law Office Gerald B. Lefcourt
148 East 78th Street
New York, NY 10021
(212)737-0400
Email: lefcourt@lefcourtlaw.com
*TERMINATED: 09/04/2003*
*LEAD ATTORNEY*
*Designation: Retained*

## Pending Counts

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(SECURITIES FRAUD
CONSPIRACY)
(1)

## Disposition

Imprisonment: 63 Months. Supervised
Release: 2 Years. Fine: $100,000.00.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

15:78J.F MANIPULATIVE AND
DECEPTIVE DEVICES (SECTIONS
78j(b) AND 78ff OF TITLE 15, USC

## Disposition

Underlying and open counts are
dismissed on the motion of the US

AND TITLE 17, CFR, SECTION
240-10b-5) (SECURITIES FRAUD)
(2)

18:1343.F FRAUD BY WIRE, RADIO,
OR TELEVISION (TITLE 18, USC,               Underlying and open counts are
SECTIONS 1343, 1346 AND 2.)                 dismissed on the motion of the US
(WIRE FRAUD)
(5)

## Highest Offense Level (Terminated)

Felony

## Complaints                              ## Disposition

None

## Plaintiff

**USA**                      represented by **Christopher J. Clark**
                                           United States Attorney
                                           One saint Andrews Pl
                                           New York, NY 10007
                                           212-637-2400
                                           *LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/12/2000 | 1 | SEALED INDICTMENT as to Glenn B. Laken (1) count(s) 1, 2, 5, David W. Bruno (2) count(s) 1, 2, 3-4, 5, 6, Adam Kriftcher (3) count(s) 1, 2, 3-4, 5, 6, Michael Porricelli (4) count(s) 1, 2, 5, Lionel Reifler (5) count(s) 1, 2, 5, Peter J. Worrell (6) count(s) 1, 2, 5 (jm) (Entered: 06/14/2000) |
| 06/14/2000 | 2 | ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell, Unsealing Indictment this is a copy of original document maintained in 00 cr 652 ( Signed by Magistrate Judge Frank Maas ); Copies mailed. (jm) (Entered: 06/14/2000) |
| 06/14/2000 | | Indictment unsealed as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell (jm) (Entered: 06/14/2000) |
| 06/14/2000 | | (Court only) **Remove sealed flag - case no longer sealed as to any party. (jm) (Entered: 06/14/2000) |
| 06/14/2000 | | (Court only) **Added Government Attorney Christopher J. Clark (jm) (Entered: 06/14/2000) |
| 06/14/2000 | | ARREST of Glenn B. Laken in Northern Illinois (jm) (Entered: 06/22/2000) |

| 06/22/2000 | 17 | Rule 40 Documents as to Glenn B. Laken received from Northern District Illinois (this is copy of original documents maintained in 00 cr 632 (jm) (Entered: 06/22/2000) |
| --- | --- | --- |
| 06/22/2000 | | First Appearance as to Glenn B. Laken (1), Michael Porricelli (4), Lionel Reifler (5) held. (bw) (Entered: 06/26/2000) |
| 06/22/2000 | | Arraignment as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell held: Glenn B. Laken (1) count(s) 1, 2, 5, David W. Bruno (2) count(s) 1, 2, 3-4, 5, 6, Adam Kriftcher (3) count(s) 1, 2, 3-4, 5, 6, Michael Porricelli (4) count(s) 1, 2, 5, Lionel Reifler (5) count(s) 1, 2, 5, Peter J. Worrell (6) count(s) 1, 2, 5. ... Deft GLENN B. LAKEN (not arrested) present w/attorney Gary Becker for Gerald Lefcourt. Enters Not Guilty Plea. Bail set at ($1 Million PRB, secured by $50,000 Cash, travel to NY, ILL.); Deft DAVID W. BRUNO (continued $250,000 PRB, secured by Prop, Surrender Passport, Reg PSA) present w/attorney Peter Bongiorno. Enters Not Guilty Plea. Bail continued; Deft ADAM KRIFTCHER (continued $200,000 PRB, Reg PSA, Surrender Passport) present w/attorney Lawrence Gordon. Enters Not Guilty Plea. Bail continued; Deft MICHAEL PORRICELLI (not arrested) present w/attorney Timothy Kebbe. Enters Not Guilty Plea. Bail set at ($25,000 PRB, Secured by $2,500 Cash, Travel to Col., EDNY, SDNY); Deft LIONEL REIFLER (not arrested) present w/attorney Mark Heller. Enters Not Guilty Plea. Bail set at ($150,000 PRB, Travel within Continental USA); Deft PETER J. WORRELL (continued $100,000 PRB, Reg PSA, Surrender P/P) present w/attorney David Smith. Enters Not Guilty Plea. Bail continued; Case assigned to Judge Stein. ( Held before Magistrate Judge Douglas F. Eaton ) (bw) (Entered: 06/26/2000) |
| 06/22/2000 | | PLEA entered by Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell. Court accepts plea. Not Guilty: Glenn B. Laken (1) count(s) 1, 2, 5, David W. Bruno (2) count(s) 1, 2, 3-4, 5, 6, Adam Kriftcher (3) count(s) 1, 2, 3-4, 5, 6, Michael Porricelli (4) count(s) 1, 2, 5, Lionel Reifler (5) count(s) 1, 2, 5, Peter J. Worrell (6) count(s) 1, 2, 5. (bw) (Entered: 06/26/2000) |
| 06/22/2000 | | Bail hearing as to Glenn B. Laken (1), Michael Porricelli (4), Lionel Reifler (5) held. (bw) (Entered: 06/26/2000) |
| 06/22/2000 | | CASE ASSIGNED to Judge Sidney H. Stein. (bw) (Entered: 06/26/2000) |
| 06/22/2000 | 23 | NOTICE of Appearance for Glenn B. Laken by Attorney Gerald B. Lefcourt (mr) (Entered: 06/27/2000) |
| 06/22/2000 | | Pre-Trial Conference as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell held. Dft. Laken present with his atty. Gary Becker; dft. Michael Porricelli present with his attys. Timothy Kebbe and Ronald Podboy; dft. Peter Worrell present with atty. David Smith; dft. Lionel Reifler present with atty. Mark Hellerer; dft. Adam Kriftcher present with atty. Edward Blodnick; dft. David Bruno present with Edward Blodnick for atty. Peter Bongiorno; for the |

| | | |
|---|---|---|
| | | government Chris Clark present; court reporter Marisa Munoz also present. The next pretrial is scheduled for 9/14/00, at 4:00 p.m. At the request of the government and with dfts' consent, the time is excluded to 9/14/00, from the Speedy Trial Act. Dft. Reifler's attorney makes an application too modify bail condiitions to extend travel restrictions to include the following states: FL, NY, NJ, CT, AZ, CA, NV, CO, MA, ME, and NC. The court grants dft's application. Dft. must notify his pretrial service officer prior to travel with the date of travel, the location and the telephone number. Dft. Porriceli's atty. makes an application to modify bail conditions to extend travel restrictions to include the following states: NV, AZ, CA, and FL. The Court grants dft's application. Dft. must notify his pretrial services officer prior to travel, the location and the telephone number. Bail conditions remains as set for remaining dfts.......Stein,J. (mb) (Entered: 06/29/2000) |
| 06/22/2000 | | (Court only) Excludable XH started and stopped on 6/22/00 as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter Worrell. (mb) (Entered: 06/29/2000) |
| 06/22/2000 | | ORAL ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell , set pre-trial conference for 4:00 9/14/00 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ( Entered by Judge Sidney H. Stein ) (mb) (Entered: 06/29/2000) |
| 06/28/2000 | 27 | Order of advice of penalties and sanctions as to Glenn B. Laken ( signed by Judge Sidney H. Stein ) (mr) (Entered: 06/28/2000) |
| 09/14/2000 | | Pre-Trial Conference as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell held. Dft. Kriftcher present with attys ed Bodnick and Karen Lynch; dft. Bruno present with atty. Robert Lewis; dft. Peter Worell present with atty, Stephen Scaring; dft. Laken waives his appearance through his atty. Gerald Lefcourt and Gary Becker; dft. Porricelli waives his appearnace through his attys. Martin raskin and Mark Hellerer; court reporter Sandi Miaskoff also present. All defense motions by 2/12/01, the government's opposition due 3/5/01, and he replies due 3/16/01. The argument is scheduled for 4/2/00 at 2:00 p.m. The trial is scheduled for 7/9/01 at 9:30 a.m. Dft worell's bail modified as follows: he shall be permitted to travel to Florida for a wedding. He shall notify his pretrial services officer in advance. Dft. Laken bail is modified to include travel to the following states FL, NV, PA, OH, VA, NY, NJ, DC,AZ, MS. He shall notify his pretrial services officer in advance. Dft. Poricelli's bail is modified to include travel to the following states: M.D. S.C, NC and Idaho. He shall notify his pretrial services officer in advance. Dft. Kriftcher's bail is modified to include travel to the following states: FL MO, CA, NJ, E, MA. At the request of the government and with each dfts' consent, the time exluded to 2/12/01, from the Speedy Trial Act....Stein,J. (mb) (Entered: 09/18/2000) |
| 09/14/2000 | | (Court only) Excludable XH started and stopped on 9/14/00 as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, |

| | | Peter Worrell. (mb) (Entered: 09/18/2000) |
|---|---|---|
| 09/14/2000 | | ORAL ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell , set scheduling order deadlines: Motion Filing to 2/12/01 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ; Reply to response to motion deadline 3/16/01 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell, for USA ; Response to motion deadline 3/5/01 for USA ; Jury Trial for 9:30 7/9/01 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ; ( Entered by Judge Kimba M. Wood ) (mb) (Entered: 09/18/2000) |
| 09/15/2000 | 35 | Filed Memo-Endorsement on letter addressed to Judge Stein from Renato C. Stabile as to Glenn B. Laken, dated 9/11/00. Re: that the Court excuse the dft's appearance at the PTC scheduled for 9/14/00 at 4:00 p.m. ( Signed by Judge Sidney H. Stein ). (mb) (Entered: 09/18/2000) |
| 10/13/2000 | 41 | Transcript of record of proceedings before Judge Sidney H. Stein for the date(s) of August 3, 2000. (pl) (Entered: 10/16/2000) |
| 02/09/2001 | 48 | MEMORANDUM OF LAW FOR MOTION by Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell to dismiss (sl) (Entered: 02/13/2001) |
| 02/14/2001 | 52 | MOTION by Glenn B. Laken for the following relief: 1. For an order directing the gov't to comply immediately with its constitutional obligations under Brady v. Maryland, 373 U.S. 83, 104 (1963) ; and 2. For an order directing the gov't to provide a Bill of Particulars and discovery ; and 3. For an order adjourning the trial of this matter ; and 4. For an order postponing consideration of any suppression motions regarding the intercepted conversations in this case ; and 5. For an order permitting the deft to join in the pre-trial motions of his co-defts. Return date not specified. (bw) (Entered: 02/15/2001) |
| 02/14/2001 | 53 | MEMORANDUM Of Law by Glenn B. Laken in support of [52-1] motion 1. For an order directing the gov't to comply immediately with its constitutional obligations under Brady v. Maryland, 373 U.S. 83, 104 (1963), [52-2] motion 2. For an order directing the gov't to provide a Bill of Particulars and discovery, [52-3] motion 3. For an order adjourning the trial of this matter, [52-4] motion 4. For an order postponing consideration of any suppression motions regarding the intercepted conversations in this case, [52-5] motion 5. For an order permitting the deft to join in the pre-trial motions of his co-defts. (bw) (Entered: 02/15/2001) |
| 02/20/2001 | 54 | MOTION by Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell to sever count 6 of the indictment. (mr) (Entered: 02/22/2001) |

| | | |
|---|---|---|
| 03/08/2001 | 55 | Filed Memo-Endorsement on letter dated 3/5/01 to Judge Stein signed by AUSA Christopher J. Clark as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell, reset scheduling order deadlines: Response to motion deadline 3/19/01 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell, for USA ; , oral argument adjourned from 4/2/01 until 4/16/01 at 9:30 am. , and Time excluded from 3/501 until 3/19/01 to Continue in Interests of Justice ( Signed by Judge Sidney H. Stein ); Copies mailed. (mr) (Entered: 03/08/2001) |
| 03/14/2001 | 58 | Filed Memo-Endorsement on letter to Judge Stein dtd. 3/9/01 from Edward K. Blodnick as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Peter J. Worrell, The request that the time to reply be extended to Friday, April 6th, 2001 at 5:00 p.m. is granted ( Signed by Judge Sidney H. Stein ); Copies mailed. (rag) (Entered: 03/15/2001) |
| 03/19/2001 | 60 | MEMORANDUM Of Law by USA as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell in opposition to defendants' pretrial motions. (bw) (Entered: 03/20/2001) |
| 03/28/2001 | 62 | APPEARANCE BOND filed by Glenn B. Laken in Amount $ 1,000,000.00 PRB secured by $50,000 cash; travel limits include Illinois NY and in between for travel purposes. (mr) (Entered: 03/29/2001) |
| 04/05/2001 | 64 | Joint Reply Memoarandum of Law in support of defendant's motions to dismissed and in opposition to Government's response to defendant's joint pre-trial by Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell, as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell (mr) (Entered: 04/06/2001) |
| 04/17/2001 | | Pretrial Conference as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Lionel Reifler, Peter J. Worrell held. Defendant Adam Kriftcher present with attorney Karen Lynch; defendant Lionel Reifler present with attorney Martin Raskin; defendant Peter Worrell present with attorney Stephen Scaring; defendant David Bruno not present and attorney John Zaloom waives appearance; defendant Glenn Laken not present and attorney Gerald Lefcourt waives appearance; for the government Chris Clark and Pat Smith present; court reporter also present. Pretrial conference held. The Court adjourns the trial to 2/11/02 on Counts 1-5; the trial on Count 6 will be held immediately after trial on Counts 1-5 concludes; At the request of the government and with defendants' consent, the time is excluded until 2/11/02 from Speedy Trial calculations. The motion of defendant Worrell to modify bail conditions is denied. ( Held before Judge Stein ) (bw) (Entered: 04/24/2001) |
| 04/17/2001 | | ORAL ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Lionel Reifler, Peter J. Worrell . RESET Jury trial for 2/11/02 on Counts 1-5; the trial on Count 6 will be held immediately after trial on Counts 1-5 |

| | | |
|---|---|---|
| | | concludes. ( Entered by Judge Sidney H. Stein ) (bw) (Entered: 04/24/2001) |
| 04/17/2001 | | (Court only) **Excludable XH starts on 4/17/01 and stops on 4/17/01 as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Lionel Reifler, Peter J. Worrell. (bw) (Entered: 04/24/2001) |
| 05/03/2001 | 68 | AFFIDAVIT Ronald Podboy (sg) (Entered: 05/03/2001) |
| 08/28/2001 | 73 | ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell denying [48-1] motion to dismiss as to Glenn B. Laken (1), David W. Bruno (2), Adam Kriftcher (3), Michael Porricelli (4), Lionel Reifler (5), Peter J. Worrell (6), for the reasons set forth above, defendants' motions to dismiss the indictment are DENiED. Because the trial date has been adjourned for a substantial period of time, defendants' motions are dismissed without prejudice in all other respects. (Signed by Judge Sidney H. Stein); Copies mailed. (jb) (Entered: 08/28/2001) |
| 09/24/2001 | | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell ...that the request for a 30-day exclusion from today, September 17, 2001, purs. to Title 18 U.S.C. Sec. 3161(h) (8) (A) is hereby granted for all criminal cases in which an indictment or information has been filed and is pending,..., Continuing due to extraordinary circumstances time is excluded from 9/17/01 to 10/17/01 ( Signed by Chief Judge Michael B. Mukasey ); [Original filed in M10-468 Document No. 22] (ICMSUSER) (Entered: 10/02/2001) |
| 12/05/2001 | 75 | Filed Memo-Endorsement on letter addressed to Judge Stein from AUSA Christopher J. Clark, dated November 20, 2001 as to Glenn B. Laken, requesting the Court to schedule a pre-trial conference to discuss the viability of the trial date...GRANTED, there will be a pretrial conference on 12/7/01 at 2:00 p.m. (Signed by Judge Sidney H. Stein); Copies mailed. (jb) (Entered: 12/05/2001) |
| 12/07/2001 | | Pretrial Conference as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter Worrell held before Judge Sidney H. Stein. Deft. Bruno present with attorneys Robert Lewis and John Zaloom; Deft. Riffler's attorney Martin Raskin present via telephone and waives appearance; deft. Poricelli's attorney Ron Podboy present via telephone and waives appearance; deft. Lakens attorney Gerald Lefcourt present and waives appearance; Deft. Worrell's attorney Faith Friedman present and waives appearance; deft. Kriftcher's attorney Edward Blodnick present and waives appearance; for the government Chris Clark and David Esseks present; court reporter Sabrina Dagostino also present. There will be a pretrial conference on 12/14/01, at 2:00 p.m. Deft. Bruno's attorney makes an application to modify the bail conditions. The Court modifies the bail package for David Bruno as follows: substitute three financially responsible people for the property on the $150,000 bond. (jb) (Entered: 12/12/2001) |

| 12/07/2001 | | Pretrial Conference as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter Worrell set at 2:00 12/14/01 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell (jb) (Entered: 12/12/2001) |
| --- | --- | --- |
| 12/14/2001 | | ORAL ORDER as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell , set scheduling order deadlines: Motion Filing to 1/15/02 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ; Reply deadline 2/8/02 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ; Opposition to motion deadline 2/1/02 for USA ; Jury Trial for 9:30 3/11/02 for Glenn B. Laken, for David W. Bruno, for Adam Kriftcher, for Michael Porricelli, for Lionel Reifler, for Peter J. Worrell ; , and set oral argument on 2/15/02 at 9:00 a.m. ( Entered by Judge Sidney H. Stein ) (ph) (Entered: 12/19/2001) |
| 01/11/2002 | 78 | AFFIRMATION by Frederick P. Hafetz as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell Re: to substitute as counsel for Adam Kriftcher, on of the defendants in the above-referenced action. (ph) (Entered: 01/11/2002) |
| 01/17/2002 | 80 | Filed Memo-Endorsement on letter dated 1/16/02, as to Glenn B. Laken, from Gerald B. Lefcourt, Atty for the defendant, to Judge Stein, re: a request that the Court grant defense counsel a continuance of one week for the submission of pre-trial motions, currently due January 18, 2002. Any defense motions by Mr. Laken are due on January 22, which is the date Adam Kriftcher motions are due. SO ORDERED. ( Signed by Judge Sidney H. Stein ); Copies mailed. (ja) (Entered: 01/18/2002) |
| 01/28/2002 | 82 | NOTICE OF MOTION by Glenn B. Laken For an Order dismissing Count 1 of the Indictment . (ac) (Entered: 01/30/2002) |
| 01/28/2002 | 83 | MEMORANDUM by Glenn B. Laken in support of [82-1] motion For an Order dismissing Count 1 of the Indictment (ac) (Entered: 01/30/2002) |
| 02/08/2002 | 87 | TRANSCRIPT of record of proceedings as to Glenn B. Laken, David W. Bruno, Adam Kriftcher, Michael Porricelli, Lionel Reifler, Peter J. Worrell for dates of 12/7/01, before Judge Sidney H. Stein . (tr) (Entered: 02/08/2002) |
| 02/08/2002 | | Pretrial Conference as to Glenn B. Laken, Adam Kriftcher, Michael Porricelli, Lionel Reifler held before Judge Sidney H. Stein. Dft Adam Kriftcher pres w/atty Frederick Hafetz; dft Glen Laken pres w/atty Gerald Lefcourt; dft Lionel Reifler's atty Martin Raskin pres and waives his client's appearance; dft Michael Poricelli's atty Ronald Podboy pres and waives his client's appearance; for the government Chris Clark and Mylan Denerstein pres; court rptr Joe Quinones also pres. The government's Rule 404(b) submission due 2/11/02, dft's opposition by 2/15/02, government's reply by 2/22/02. Dft Laken's motion to dismiss count one of the indictment is denied as moot in light of the government's withdrawal of paragraph 24 of the |

| | | |
|---|---|---|
| | | Indictment. The argument will be held on 2/25/02 at 2:00 p.m. The trial remains set at 3/11/02. Bail conditions remain as set. (ja) (Entered: 02/13/2002) |
| 02/08/2002 | | (Court only) **Excludable XH started and stopped 2/8/02, as to Glenn B. Laken, Adam Kriftcher. (ja) (Entered: 02/13/2002) |
| 02/20/2002 | 90 | ORDER as to Glenn B. Laken mooting [82-1] motion For an Order dismissing Count 1 of the Indictment as to Glenn B. Laken (1) in light of the government's withdrawal on the record of paragraph twenty-four of the indictment. ( Signed by Judge Sidney H. Stein ); Copies mailed. (ph) (Entered: 02/20/2002) |
| 02/25/2002 | | Change of Plea Hearing as to Glenn B. Laken, Adam Kriftcher held before Judge Sidney H. Stein . Deft Laken present w/ Atty Gerald Lefcourt; Deft Kriftcher present w/ Atty Frederick Hafetz; Deft Lionel Reifler's Atty, Martin Raskin, present and waives his clients appearance. AUSA Christopher Clark. Reporter Amy Rivera also present. Deft Reifler withdraws his motion and will enter a plea of guilty on 3/12/02 at 2:00pm. Both Defts withdraw their previously entered pleas of not guilty and now plead guilty. Both Defts sworn, allocution begins. Both plead guilty to count 1 of the Indictment. Court accepts guilty pleas. Sentence set for 6/13/02 at at 4:30pm for Deft Kriftcher. Sentence set for 5/31/02 at 2:00pm for Deft Laken. Bail conditions remain as set. (ac) (Entered: 02/26/2002) |
| 02/25/2002 | | Change of Not Guilty Plea to Guilty Plea by Glenn B. Laken, Adam Kriftcher Glenn B. Laken (1) count(s) 1, Adam Kriftcher (3) count(s) 1 (ac) (Entered: 02/26/2002) |
| 02/25/2002 | | PLEA entered by Glenn B. Laken, Adam Kriftcher . Court accepts plea. Guilty: Glenn B. Laken (1) count(s) 1, Adam Kriftcher (3) count(s) 1 (Terminated motions - terminating [85-1] motion precluding admission of the proffered other crime evidenct concerning embezzlement and theft as to Adam Kriftcher (1), terminating [85-2] motion instructing the government to describe in detail the remaining other crime evidence that it seeks to introduce and the purpose of this evidence as to Adam Kriftcher (1), terminating [85-3] motion precluding the government from metioning any crimes other than those charged in its opening statement, or from eliciting testimony about other crimes from any witness until the issue of admissibility of evidence is resolved, and for such other and further relief as the Court deems just and proper as to Adam Kriftcher (1), terminating [54-1] motion to sever count 6 of the indictment. as to Glenn B. Laken (1), Adam Kriftcher (1), terminating [52-1] motion 1. For an order directing the gov't to comply immediately with its constitutional obligations under Brady v. Maryland, 373 U.S. 83, 104 (1963) as to Glenn B. Laken (1), terminating [52-2] motion 2. For an order directing the gov't to provide a Bill of Particulars and discovery as to Glenn B. Laken (1), terminating [52-3] motion 3. For an order adjourning the trial of this matter as to Glenn B. Laken (1), terminating [52-4] motion 4. For an order postponing consideration of any suppression motions regarding the intercepted |

| | | conversations in this case as to Glenn B. Laken (1), terminating [52-5] motion 5. For an order permitting the deft to join in the pre-trial motions of his co-defts. as to Glenn B. Laken (1) ) (ac) (Entered: 02/26/2002) |
|---|---|---|
| 02/25/2002 | | Sentencing set for 2:00 5/31/02 for Glenn B. Laken , Glenn B. Laken (1) count(s) 1 (ac) (Entered: 02/26/2002) |
| 04/05/2002 | 100 | TRANSCRIPT of record of proceedings as to Glenn B. Laken, Adam Kriftcher, Lionel Reifler for dates of 2/25/02, before Judge Sidney H. Stein . (df) (Entered: 04/05/2002) |
| 04/05/2002 | 101 | TRANSCRIPT of record of proceedings as to Glenn B. Laken for dates of 2/8/02, before Judge Sidney H. Stein . (df) (Entered: 04/05/2002) |
| 04/25/2002 | | (Court only) **Terminated party Peter J. Worrell (jb) (Entered: 04/30/2002) |
| 05/06/2002 | | Filed Memo-Endorsement on letter, Doc. #545 in 00cr632, : as to Glenn B. Laken , from AUSA David Esseks, Dated 5/1/02, addressed to: Judge Pauley Re: US v Laken 00cr651, The Gov hereby moves for an Order certain funds belonging to Deft Glen Laken but currently held by the Chicago Mercantile Exchange, in order to ensure the availability of those funds to satisfy the restitution order that the Govt will request be entered against Mr. Laken at the sentencing scheduled for 6/28/02. The Govt therefore requests that the Court sign the enclosed proposed Order directing the Chicago Mercantile Exchange to hold any of the proceeds of the sale of Mr. Lakens seat that are not subject to claims by the Exchange or its customers pending Mr. Laken's sentencing by this Court, in order to ensure that those funds are available to satisfy a portion of the substantial restitution order that will be entered against the Deft. , Signed by Judge William H. Pauley III ); Copies mailed. (ac) (Entered: 05/07/2002) |
| 05/06/2002 | | ORDER as to Glenn B. Laken, filed in (S4) 00-CR-632 (WHP), document #543. Upon the consent of the United States of America and defendant Glenn B. Laken, it is hereby ORDERED that the Chicago Mercantile Exchange shall release all proceeds of the sale of Glenn B. Laken's seat on that Exchange that are not being held by the Exchange on its own behalf or on behalf of Exchange customers to the escrow account of Gerald B. Lefcourt , and IT IS HEREBY FURTHER ORDERED that Gerald B. Lefcourt, P.C. shall hold the resulting funds in its escrow account until further order of this court. ( Signed by Judge William H. Pauley III on 5/6/02 ). (ph) (Entered: 05/07/2002) |
| 05/13/2002 | | Defendant Glenn B. Laken Reassigned to Judge William H. Pauley III (gmo) (Entered: 05/14/2002) |
| 08/19/2002 | | (Court only) **Terminated party Adam Kriftcher. (ph) (Entered: 09/05/2002) |
| 09/20/2002 | | (Court only) **Terminated party David W. Bruno (ac) (Entered: 10/01/2002) |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/03 Page 74 of 110 PageID #:188

| 02/19/2003 | Status conference as to Glenn B. Laken held before Judge William H. Pauley III . AUSA's David Essex and Chris Clark. Deft Laken present w/ Atty's Gerald Lefcourt and Gary Becker. Sentencing hearing continued. Further hearing set for 3/27/03 at 9:30am. (ac) (Entered: 02/21/2003) |
|---|---|
| 02/19/2003 | Status conference as to Glenn B. Laken set at 9:30 3/27/03 for Glenn B. Laken (ac) (Entered: 02/21/2003) |
| 02/19/2003 | (Court only) **Excludable XH starts and stops on 2/19/03 as to Glenn B. Laken (ac) (Entered: 02/21/2003) |
| 03/25/2003 | (Court only) **Terminated party Lionel Reifler (jw) (Entered: 03/27/2003) |
| 06/03/2003 | (Court only) **Terminated party Michael Porricelli (ac) (Entered: 06/09/2003) |
| 09/03/2003 | Sentencing held Glenn B. Laken (1) count(s) 1 (jw) (Entered: 09/11/2003) |
| 09/04/2003 | DISMISSAL of Count(s) on Government Motion as to Glenn B. Laken Counts Dismissed: Glenn B. Laken (1) count(s) 2, 5 (jw) (Entered: 09/11/2003) |
| 09/04/2003 | FILED JUDGMENT IN A CRIMINAL CASE. (For offenses committed on or after November 1, 1987). Defendant Glenn B. Laken pleaded guilty to count(s) 1. Underlying and open counts are dismissed on the motion of the US. The defendant shall pay a special assessment of $800 which is due immediately. The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty years, is sixty-three (63) months. The sentences on count 9,10,11,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statuory maximum of five years, is sixty months. The sentences on counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory maximum of three years, is thirty-six months. The sentence on all counts shall run concurrently with each other. The court makes the following recommendations to the Bureau of Prisons: 1)The defendant be designated to Eglin Camp at Elgin Air Force Base. 2)The defendant participate in the Bureau of Prisons intensive alcohol treatment program. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2pm on 1/29/04 as notified by the Probation or Pretrial Services Office. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years. The defendant shall not possess a firearm. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include urine testing at the direction and discretion of the probation officer. The defendant shall pay a fine of $12,500.00 by October 3, 2003. The fine shall be sent to the Clerk of the Court, Southern District of NY, 500 Pearl Street, NY NY 10007, att: Cashier's Office. ; Judgment and Commitment issued to U.S. Marshal ( |

| | | |
|---|---|---|
| | | Signed by Judge William H. Pauley III ) Refer to S4 00 cr. 632 - 17 (WHP). (jw) (Entered: 09/11/2003) |
| 09/04/2003 | | (Court only) **Terminated party Glenn B. Laken (jw) (Entered: 09/11/2003) |
| 09/04/2003 | | (Court only) **Case closed as to all defendants: Glenn B. Laken (jw) (Entered: 09/11/2003) |
| 09/12/2003 | 54 | NOTICE OF APPEAL by Glenn B. Laken , Glenn B. Laken (1) count(s) 1. Filing Fee $ 105.00, paid on 9/15/03, Receipt # E 484923, [0-1] judgment order . Copies of notice of appeal mailed to Attorney(s) of Record: US ATTORNEY, SDNY, AND COURT REPORTERS. (pr) (Entered: 09/16/2003) |
| 09/15/2003 | | SENTENCING SUBMISSON by USA as to Glenn B. Laken. (Refer to (S4) 00-cr-632, document #670). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | SENTENCING MEMORANDUM by Glenn B. Laken. (Refer to (S4) 00-cr-632, document #671). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | GOVERNMENT'S REPLY TO DEFENDANTS' SENTENCING SUBMISSIONS by USA as to Glenn B. Laken. (Refer to (S4) 00-cr-632, document #672). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 7/28/03, Addressed to: Judge Pauley Re: submits this letter in response to the government's "Reply to Defendants' Sentencing Submission," dated 7/22/03. (Refer to (S4) 00-cr-632, document #674). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Attorney Gerald G. Becker, Dated 8/7/03, Addressed to: Judge Pauley Re: brief response to the government's letter yesterday regarding U.S. v. Capanelli. (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | LETTER filed by USA as to Glenn B. Laken From AUSA Christopher J. Clark, Dated 1/17/02, Addressed to: Judge Pauley Re: materials relating to the evidentiary hearing in the above-captioned case, scheduled for 1/27/03. (Refer to (S4) 00-cr-632, document #695). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Attorney Gerald B. Lefcourt, Dated 5/3/02, Addressed to: Judge Pauley Re: submits this letter in response to the government's reply to our correspondence earlier today opposing the entry of an Order restraining certain of Mr. Laken's assets. (Refer to (S4) 00-cr-632, document #696). (ph) (Entered: 09/16/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated January 23, 2003, Addressed to: Judge Pauley Re: This letter is respectfully submitted on behalf of Glenn Laken in response to the government's letter to the Court, dated January 17, 2003. The "facts" are intended by the government to justify its argument that Mr. Laken is repsonsible for millions of dollars in acutual or intended losses to investors in FWEB. Refer to 00 cr 632 (WHP). (jw) (Entered: 09/17/2003) |

| 09/15/2003 | | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated February 5, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: The Government writes to inform you that GX 3501-G, provided to you in connection with the evidentiary hearing in the above-captioned case, was prepared by Special Agent Timothy Bell. Refer to S4 00 cr 632 Document #699. (jw) (Entered: 09/17/2003) |
|---|---|---|
| 09/15/2003 | | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated February 11, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: As explained to Mr. Becker this afternoon, the Government objects to the admission of the affidavit of Hutch Hubbard and the accompanying exhibits. Given the fact that the Hubbard affidavit fails to establish these necessary foundational facts to the relevance of the attached charts, it should not be admitted in the hearing absent an adequate factual foundation. Refer to S4 00 cr 632 Document #700. (jw) (Entered: 09/17/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated March 26, 2003, Addressed to: Judge Pauley Re: The Court will recall that, in connection with the sentencing of Glenn Laken, we asked to supply to the Court our own analysis of the underlying data supporting the government's calculation of loss to FWEB shareholders it claims was caused by Mr. Laken. Refer to 00 cr 632 (WHP) Document #704. (jw) (Entered: 09/17/2003) |
| 09/15/2003 | | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated April 25, 2003, Addressed to: Mr. Lefcourt and Mr. Becker Re: The Government has reviewed the loss charts prepared by the defense in the above-captioned case. The Government is prepared to stipulate to the use of a draft chart prepared by the defense and provided to the Government by the defense on April 22, 2003. Refer to 00 cr 632 (WHP) Document #705. (jw) Modified on 09/18/2003 (Entered: 09/18/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gary G. Becker, Dated April 25, 2003, Addressed to: Mr. Clark Re: This responds to your letter dated today. We see no basis for accepting the stipulation that you propose, and we believe that the evidentiary hearing should go forward. Refer to 00 cr 632 (WHP) Document #706. (jw) (Entered: 09/18/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated February 7, 2003, Addressed to: Mr. Clark Re: Mr. Laken reserves the right to call James Gagel, Esq. at the continued Fatico hearing next week. Refer to 00 cr 632 Document #709. (jw) (Entered: 09/19/2003) |
| 09/15/2003 | | LETTER filed by USA as to Glenn B. Laken From Christopher J. Clark, Dated April 29, 2003, Addressed to: Judge Pauley Re: The Government hereby moves for an order requiring the above-captioned defendant to produce all statments by Hutch Hubbard relating to any and all testimony he will give on April 30, 2003. Refer to 00 cr 632 Document #710. (jw) Modified on 09/19/2003 (Entered: 09/19/2003) |

| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated May 3, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted on behalf of Glenn Laken in opposition to the government's May 1, 2002 letter application for an order freezing certain funds belonging to Mr. Laken in order "to satisfy" a restitution order that the government will seek at sentencing in connection with asserted losses in FWEB. For all the foregoing reasons, the Court should deny the government's application to issue a restraining order. Refer to 00 cr 632 (WHP) Document #711. (jw) (Entered: 09/22/2003) |
|---|---|---|
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated November 19, 2002, Addressed to: Judge Pauley Re: Requesting that the sentencing in this matter be adjourned. Accordingly, there should be an adjournment so that both the defense and Probation have an adequate time to review the government's sentencing submission. Refer to 00 cr 632 (WHP) Document #712. (jw) Modified on 09/22/2003 (Entered: 09/22/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated November 29, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted in further support of Glenn Laken's application for a ruling by the Court that the government forfeited its right to object to the Presentence Report. The only fair resolution is to preclude consideration of the government's untimely "objections" to the PreSentence Report. Refer to 00 cr 632 (WHP) Document #714. (jw) (Entered: 09/22/2003) |
| 09/15/2003 | | LETTER filed by Glenn B. Laken From Gerald B. Lefcourt, Dated November 29, 2002, Addressed to: Judge Pauley Re: This letter is respectfully submitted in further support of Glenn Laken's application for a ruling by the Court that the government forfeited its right to object to the Presentence Report by failing to comply with Rule 32(b)(6)(B) & (D). The only fiar resolution is to preclude consideration of the government's untimely objections to the PreSentence Report. Refer to 00 cr 632 (WHP) Document #715. (jw) (Entered: 09/22/2003) |
| 09/16/2003 | | Notice of Appeal with copy of order/judgment and two copies of docket entries as to Glenn B. Laken transmitted to USCA re: [54-1] appeal on 9/16/03 (pr) (Entered: 09/16/2003) |
| 09/17/2003 | | SEALED DOCUMENT as to Glenn B. Laken [docketed as document #707 in 00cr632]. (wv) (Entered: 09/18/2003) |
| 09/22/2003 | 56 | Filed Memo-Endorsement on letter: addressed to Judge Pauley from Attorney Richard Ware Levitt, dated 9/17/03, filed by deft Glenn B. Laken. Mr. Levitt requests a one month adjournment, until 10/20/03, of the due date for the parties' submission concerning restitution; JUDGE ENDORSED - Application granted in part and denied in part. The parties' submissions on restitution are due by October 6, 2003. ( Signed on 9/19/03 by Judge William H. Pauley ). [ microfilm 9/22/03 3pm ] (bw) (Entered: 09/24/2003) |
| 10/22/2003 | 57 | File notice that the record on appeal as to Glenn B. Laken has been certified and transmitted to USCA on 10/22/03 [54-1] appeal. (dt) (Entered: |

Case: 1:00-cr-00454 Document #: 8-2 Filed: 10/14/08 Page 78 of 110 PageID #:192
https://ecf.nysd.circ2.dcn/cgi-bin/DktRpt.pl?667382005763086-L_...

| | | |
|---|---|---|
| | | 10/22/2003) |
| 10/24/2003 | | USCA Case Number as to Glenn B. Laken Re: [54-1] appeal USCA NUMBER: 03-1569 (pr) (Entered: 10/24/2003) |
| 11/03/2003 | | USCA Case Number as to Glenn B. Laken Re: [54-1] appeal USCA NUMBER: 03-1569. (dt) (Entered: 11/03/2003) |
| 11/05/2003 | | TRANSCRIPT of record of proceedings as to Glenn B. Laken for dates of 9/3/03, before Judge William H. Pauley III. Original Filed under 00cr632. Doc. # 734. (df) (Entered: 11/05/2003) |
| 12/02/2003 | 🖼 | AMENDED JUDGMENT (Refer to 00-cr-632, document #740) as to Glenn B. Laken (1), Count(s) 1, The defendant is hereby committed to the custody of the US Bureau of Prisons to be imprisoned for a total of 63 Months. Reason for Amendment: Modification of Restitution Order -$6,620,675.33. Fine: $12,500.00. Special assessment: $800. The sentences on Count 2 of S4 00 cr 632 (WHP), which carries a statutory maximum of twenty years, is sixty-three (63) months. The sentences on count 9,10,11,12 and 13 of S4 00 cr 632 (WHP), and count 1 of 00 cr 651-01 (WHP), each of which carries a statuory maximum of five years, is sixty months. The sentences on counts 11 and 14 of S4 00 cr 632 (WHP), which carry a statutory maximum of three years, is thirty-six months. The sentence on all counts shall run concurrently with each other. Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.; Count(s) 2, 5, Underlying and open counts are dismissed on the motion of the US. (Signed by Judge William H. Pauley on 12/2/03)(ph, ) (Entered: 12/02/2003) |
| 12/11/2003 | 🖼 60 | AMENDED NOTICE OF APPEAL by Glenn B. Laken from Amended Judgment. Copies of Notice of Appeal mailed to Attorney(s) of Record: US ATTORNEY, SDNY. (pr, ) (Entered: 12/12/2003) |
| 12/11/2003 | 🖼 | Transmission of AMENDED Notice of Appeal and Certified Copy of Docket Sheet as to Glenn B. Laken to US Court of Appeals re: 60 AMENDED Notice of Appeal - Final Judgment. (pr, ) (Entered: 12/12/2003) |
| 03/05/2004 | 🖼 | Letter by Glenn B. Laken addressed to Judge Pauley from Attorney Gary G. Becker. dated 3/5/04 re: following up correspondence to the Court yesterday regarding objectionable language in Mr. Laken's Presentence Report. (Refer to 00-cr-632, document #755). (ph, ) (Entered: 03/09/2004) |
| 03/05/2004 | 🖼 | Letter by Glenn B. Laken addressed to Judge Pauley from Attorney Gary G. Becker dated 3/8/04 re: responding to the correspondence from David Esseks, dated 3/5/04. (Refer to 00-cr-632, document #756). (ph, ) (Entered: 03/09/2004) |
| 03/08/2004 | 🖼 | Letter by Glenn B. Laken addressed to Judge Pauley from Gary G. Becker dated March 4, 2004 re: This letter is respectfully submitted on behalf of Glenn Laken to request a conference with the Court at its earliest convenience. Refer to 00 cr 632 (WHP) Document #753. (jw, ) (Entered: 03/09/2004) |

| 04/25/2005 | 📄 | Appeal Record Sent to USCA (File). Indexed record on Appeal as to Glenn B. Laken re: 60 Notice of Appeal - Final Judgment, 54 Notice of Appeal - Final Judgment, USCA Case Number 03-1244, were transmitted to the U.S. Court of Appeals to the attention of Vincenza Mathias on 4/26/05. (tp, ) (Entered: 04/25/2005) |
|---|---|---|
| 05/19/2006 | 📄 118 | MANDATE of USCA (certified copy) as to Glenn B. Laken, Lionel Reifler re: 54 Notice of Appeal - Final Judgment,, 60 Notice of Appeal - Final Judgment, 44 Notice of Appeal - Final Judgment USCA Case Number 03-1244(L), 03-1487, 03-1567, 03-1569. Ordered, Adjudged and Decreed that the judgment of the District Court is AFFIRMED in part, VACATED and REMANDED in part for further processings in accordance with the opinion of this court. MacKechnie, Clerk USCA. Issued As Mandate: 5/11/06. (pr, ) (Entered: 05/24/2006) |
| 05/19/2006 | 📄 | Transmission of USCA Mandate/Order to the District Judge re: 118 USCA Mandate - Final Judgment Appeal,,. (pr, ) (Entered: 05/24/2006) |
| 06/16/2006 | 📄 119 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF CASE - SENTENCING MEMORANDUM by Glenn B. Laken. (Attachments: # 1 Certificate of Service)(Shivers, Yvonne) Modified on 6/19/2006 (gf, ). (Entered: 06/16/2006) |
| 06/19/2006 | 📄 | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Yvonne Shivers as to Glenn B. Laken: to MANUALLY RE-FILE Document Sentencing Memorandum, Document No. 119. This case is not ECF. (gf, ) (Entered: 06/19/2006) |
| 07/14/2006 | 📄 | Minute Entry for proceedings held before Judge William H. Pauley III:Sentencing held on 7/14/2006 for Glenn B. Laken (1) Count 1. Crosby Remand Sentencing held. Deft present via teleconference. Attorney Richard Levitt and Gary Becker present. AUSA present David Esseks. Court Reporter present Jerry Harrison. Deft resentenced to 63 months imprisonment followed by two years of supervised release. [See Amended Judgment filed on 7/19/06] (bw, ) (Entered: 07/25/2006) |
| 07/19/2006 | 📄 123 | AMENDED JUDGMENT In A Criminal Case (00-Cr-651-01 & S4-00-Cr-632-17). Date of Imposition of Judgment: 9/3/2003. Date of Last Amended Judgment: 12/2/2003. Reason for Amendment: Modification of Restitution Order. Defendant's Attorney: Richard Levitt, Gary G. Becker. Defendant Glenn B. Laken (1) pleaded guilty to Count(s) 1 of case number 1:00-Cr-651-01(WHP). Count(s) Underlying and open are dismissed on the motion of the United States. The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Imprisonment: 63 Months. The sentences on Count 2 of S4-00-Cr-632(WHP), which carries a statutory maximum of twenty (20) years, is 63 months. The sentences on Counts 9,10,12 and 13 of S4-00-Cr-632(WHP), and Count 1 of 00-Cr-651-01(WHP), each of which carries a statutory maximum of 5 years, is 60 months. The sentences on Counts 11 and 14 of S4-00-Cr-632(WHP), which carry a statutory maximum |

|  |  | of 3 years, is 36 months. The sentences on all counts shall run concurrently with each other. The court makes the following recommendations to the Bureau of Prisons: 1. The defendant be designated to his current location at the Yankton, South Dakota facility. 2. The defendant be offered the next available slot to participate in the Bureau of Prisons intensive alcohol treatment program. The defendant is remanded to the custody of the United States Marshal. Supervised Release: 2 Years. The term of supervised release on Counts 2,9,10,12 and 13 of S4-00-Cr-632(WHP), and Count 1 of 00-Cr-651-01(WHP), each of which carries a statutory maximum term of supervised release of 3 years, is 2 years. The term of supervised release on Counts 11 and 14 of S4-00-Cr-632(WHP), which carry a statutory maximum term of supervised release of 1 year, is 1 year. All terms of supervised release are to run concurrently on all counts. The defendant shall not possess a firearm as defined in 18 U.S.C. Section 921. Special Conditions of Supervision (see p.5 of judgment). Assessment: $800.00. Fine: $100,000.00. Additional Terms For Criminal Monetary Penalties (see p.7 of judgment). Schedule of Payments (see p.8 of judgment). (Signed by Judge William H. Pauley III on 7/19/06)(bw, ) (Entered: 07/25/2006) |
|---|---|---|
| 07/19/2006 |  | (Court only) ***Location LC started as to Glenn B. Laken.(bw, ) (Entered: 07/25/2006) |
| 07/25/2006 |  | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/7/06 before Judge William H. Pauley III. Original Transcript filed under Case #: 00cr632, Document #: 838. (tro, ) (Entered: 07/25/2006) |
| 08/03/2006 | 124 | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/7/06 before Judge William H. Pauley III. Original Transcript filed under Case #: 00cr632, Document #: 842. (tro, ) (Entered: 08/03/2006) |
| 08/03/2006 |  | TRANSCRIPT of Proceedings as to Glenn B. Laken held on 7/7/06 before Judge William H. Pauley III. Original Transcript filed under Case #: 00cr632, Document #: 842. (tro, ) (Entered: 08/03/2006) |
| 08/07/2006 |  | Appeal Record Returned. Indexed record on Appeal Files as to Glenn B. Laken re: 54 Notice of Appeal - Final Judgment,, 60 Notice of Appeal - Final Judgment USCA Case Number 03-1569, returned from the U.S. Court of Appeals. (nd, ) (Entered: 08/07/2006) |
| 10/10/2008 |  | Supervised Release Jurisdiction Transferred Out to the U.S.D.C. - Northern District of Illinois (Chicago) as to (00-Cr-651-01) Glenn B. Laken. [*** NOTE: Original document filed in S4-00-Cr-632-17(WHP), doc.#850. ***] (bw) (Entered: 10/10/2008) |
| 10/10/2008 |  | TRANSFER OUT SUPERVISED RELEASE DOCUMENTS SENT as to (00-Cr-651-01) Glenn B. Laken to the U.S.D.C. - Northern District of Illinois (Chicago). Certified copies of the following documents were mailed: 1) Transfer of Jurisdiction Form [doc.#850 in 00-cr-632(WHP)], 2) Judgment [doc.#123], 3) Indictment [doc.#1], 4) Docket Sheet, and letter of acknowledgment. Mailed via Federal Express AIRBILL # 8663-0804-9429 on 10/10/2008. (bw) (Entered: 10/10/2008) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                           :

                  -v-                              00 CRIM. 0651
                                                   INDICTMENT

GLENN B. LAKEN,
DAVID W. BRUNO,
ADAM KRIFTCHER,                                    :
MICHAEL PORRICELLI,
LIONEL REIFLER, and
PETER J. WORRELL,

                  Defendants.

- - - - - - - - - - - - - - - - - -



## COUNT ONE

(Conspiracy to Commit
Securities Fraud: FinancialWeb.com)

The Grand Jury charges:

### BACKGROUND

1.   At all times relevant to this Indictment,

FinancialWeb.com, Incorporated ("FWEB"), a Nevada corporation,

maintained its principal place of business in Altamonte Springs,

Florida, and held itself out as being in the business of creating

and operating investment-related Internet services.  At all times

relevant to this Indictment, FWEB's common stock was publicly

traded under the ticker symbol "FWEB" on the OTC Bulletin Board,

a regulated quotation service that displayed real-time quotes,

last-sale prices, and volume information for over-the-counter

securities.

securities.

2.    At all times relevant to this Indictment, GLENN B. LAKEN, the defendant, was a hedge fund manager and commodities trader on the Chicago Mercantile Exchange.  Personally and through nominees, LAKEN owned or controlled large blocks of free trading FWEB common stock.

3.    At all times relevant to this Indictment, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, controlled a number of Internet websites that, among other things, conducted coordinated promotions of the stock of publicly traded companies.  Among the websites controlled by BRUNO and KRIFTCHER were the following: "stockregister.com," "bullstrategies.com," "wallstreetmarquee.com," "atthebell.com," and "stockplayground.com."  BRUNO and KRIFTCHER used various corporations to operate the websites under their common control, including, among others, At The Bell, Inc., and Stockregister.com, Inc.

4.    At all times relevant to this Indictment, Core Financial, LLC, ("Core Financial") was a Limited Liability Corporation organized under the laws of the State of Colorado, which maintained its principal place of business in Denver, Colorado, and controlled a number of Internet websites that, among other things, conducted coordinated promotions of the stock of publicly traded companies.  Among other Internet services,

2

Core Financial controlled the following: "otcbbstockwatch.com," "redalert.com," "subway.com," "americananalyst.com," "powerstocks.com," and "fortuneinvestments.com."

5.    At all times relevant to this Indictment, MICHAEL PORRICELLI, the defendant, was the President of Core Financial. PORRICELLI negotiated with stock promoters and others the compensation that Core Financial would receive for publicizing stocks on its various Internet websites.

6.    At all times relevant to this Indictment, LIONEL REIFLER, the defendant, was the President of Fortune Investments, Incorporated, which was associated with Heritage Holdings, Ltd., which maintained an office in Boca Raton, Florida.  REIFLER was engaged in promoting stocks through, among other methods, Internet promotions and mass mailing newsletters to investors.

7.    At all times relevant to this Indictment, PETER J. WORRELL, the defendant, was a stock broker at, and registered principal of, Royal Hutton Securities Corporation ("Royal Hutton") a securities broker-dealer registered with the SEC, located in New York, New York.

8.    At all times relevant to this Indictment, DMN Capital Investments, Inc. ("DMN Capital") and Crabbe Capital Group Ltd. ("Crabbe Capital") purported to function as financial advisors that could assist development stage and micro-cap companies in raising capital.

3

9. At all times relevant to this Indictment, a cooperating witness ("CW"), represented himself as a financial advisor, stock promoter and investment banker who could assist development stage and micro-cap companies in raising capital. CW held himself out as a principal in, among other entities, DMN Capital and Crabbe Capital. CW, DMN Capital and Crabbe Capital maintained an office at 5 Hanover Square in New York, New York.

### The Scheme to Defraud

10. In or about February 2000, GLENN B. LAKEN, the defendant, sought to sell FWEB stock under his secret control without disclosing that he was the true party to the sales transactions. LAKEN further sought to profit from his control of large blocks of FWEB stock by causing the market for FWEB to be fraudulently and artificially inflated so that he could sell his stock at higher prices. To further these unlawful goals, LAKEN sought the assistance of CW, who, in a series of meetings at DMN Capital's office and in telephone conversations, explored with LAKEN various means, including using the Internet promotional services offered by DAVID W. BRUNO and ADAM KRIFTCHER, the defendants.

11. In or about mid-March 2000, CW introduced GLENN B. LAKEN, the defendant, to DAVID W. BRUNO, the defendant, who, in telephone conversations, described, among other things, the price and volume levels that he and ADAM KRIFTCHER, the defendant,

4

could achieve for LAKEN through coordinated promotional campaigns of FWEB on the websites under their control.

12. In or about late March 2000, DAVID W. BRUNO, the defendant, introduced his partner, ADAM KRIFTCHER, the defendant, via telephone to CW. KRIFTCHER described the affiliation between BRUNO and KRIFTCHER on the one hand, and Core Financial and MICHAEL PORRICELLI, the defendant, on the other -- namely, their joint promotional efforts on behalf of public companies.

13. On or about April 5, 2000, DAVID W. BRUNO, the defendant, introduced MICHAEL PORRICELLI and LIONEL REIFLER, the defendants, via telephone, to GLENN B. LAKEN, the defendant, and CW. In this conversation BRUNO and PORRICELLI described, among other things, their joint Internet promotional services. In addition, REIFLER described a fraudulent newsletter program and his past track record in generating high trading volume in over-the-counter stocks at inflated prices. It was agreed among LAKEN, BRUNO, PORRICELLI, and REIFLER that, in return for a coordinated promotion of FWEB, LAKEN would secretly pay BRUNO, KRIFTCHER, PORRICELLI, and REIFLER blocks of free trading FWEB stock. It was further agreed that the unlawful goal of the promotion would be to artificially increase FWEB's share price, thereby permitting LAKEN to sell all or a portion of his holdings of FWEB at artificially inflated prices.

14. In order to create and sustain both trading volume

5

and the artificially increased share price in FWEB, it was further agreed that BRUNO, KRIFTCHER and PORRICELLI would feature FWEB on websites that they controlled. In addition, BRUNO, KRIFTCHER AND PORRICELLI agreed to send thousands of E-mails to patrons of their websites in order to promote FWEB stock. It was part of the scheme that BRUNO, KRIFTCHER and PORRICELLI would cause the websites under their control to conceal fraudulently the following material facts, among others: (a) the true agreement regarding the compensation GLENN B. LAKEN, the defendant, was paying BRUNO, KRIFTCHER, and PORRICELLI, (b) LAKEN's identity as the seller of large blocks of FWEB stock, and (c) that BRUNO, KRIFTCHER and PORRICELLI planned to work in concert with each other and with others in artificially inflating FWEB's share price.

15. In or about mid-April 2000, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, prepared and posted promotional materials describing FWEB's business and its common stock on websites under their common control. These promotional materials: (a) contained materially false statements, and omitted to disclose material information about FWEB's stock and the promotion thereof, including, among others, LAKEN's interest in the promotion and the sales that it caused; and (b) failed to accurately disclose the compensation paid to BRUNO and KRIFTCHER for their promotion of FWEB stock. Among other fraudulent

disclosures and omissions, the April 27, 2000 edition of "thestockregister.com" disclosed that Stockregister.com, Inc. had received an option to purchase 12,500 free trading shares of FWEB at $1.35. In truth and in fact, LAKEN had provided, at no cost, 32,500 free trading shares of FWEB to CW for further distribution to PORRICELLI who, pursuant to the agreement, was to divide this block of stock with BRUNO and KRIFTCHER.

16. In or about early May 2000, LIONEL REIFLER, the defendant, agreed to further the unlawful scheme by, among other things, promoting FWEB's stock through fraudulent newsletters sent to prospective investors.

17. On or about May 22, 2000, it was agreed among GLENN B. LAKEN, ADAM KRIFTCHER, MICHAEL PORRICELLI, and LIONEL REIFLER, the defendants, that the website and newsletter promotions discussed above would be combined with bribes paid to retail stock brokers to create further volume in FWEB stock. LAKEN, KRIFTCHER, PORRICELLI and REIFLER agreed that, in exchange for a large block of FWEB stock to be divided amongst them and retail stock brokers, they would promote FWEB, and purchase up to two million shares of FWEB stock on the open market, thereby driving up FWEB's share price and enabling LAKEN to sell his stake in the company. LAKEN, KRIFTCHER, PORRICELLI and REIFLER further agreed that retail stock brokers would be recruited into the scheme to: (a) buy shares of FWEB on the open market in a two

to one ratio with the shares bought by KRIFTCHER, PORRICELLI and REIFLER, and (b) to sell FWEB stock to investors, driving up the share price and making LAKEN and the other conspirators' stakes liquid.

18.  On or about May 23, 2000, PETER J. WORRELL, the defendant, was recruited into the scheme to promote and sell FWEB stock through retail brokers under his control at Royal Hutton. LAKEN agreed with WORRELL that, in exchange for secret payments of FWEB stock, paid, in among other forms, through phony investment banking contracts with FWEB, LIONEL REIFLER, the defendant, and others, WORRELL would cause retail brokers in his control to create trading volume in FWEB stock in an effort to: (a) increase FWEB's share price, and (b) create the opportunity for LAKEN and others to sell their holdings of FWEB stock at the artificially increased share price.  It was part of the scheme that WORRELL and those in his control would fail to disclose material facts, including: (a) the agreement regarding the compensation to be paid to WORRELL, (b) LAKEN's ownership of the vast majority of FWEB stock, and (c) that WORRELL planned to work in concert with others in artificially inflating FWEB share price.

19.  On or about June 1, 2000, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, caused "wallstreetmarquee.com," to post promotional information on the Internet relating to FWEB's

8

stock.  Among other fraudulent misrepresentations and omissions, the posting on "wallstreetmarquee.com" failed to disclose to investors the full extent of the compensation that BRUNO and KRIFTCHER were to receive from FWEB and GLENN B. LAKEN, the defendant, in exchange for promoting FWEB's stock, to wit, the "wallstreetmarquee.com," posting represented that no compensation was received from FWEB in exchange for the promotion of FWEB's stock on "wallstreetmarquee.com," when, in truth and in fact, BRUNO and KRIFTCHER had been compensated with an interest 32,500 free trading shares of FWEB stock.

### THE CONSPIRACY

20.  From in or about February 2000 through in or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit (1) securities fraud, in violation of Sections 78j(b) and 78ff of Title 15, United States Code, and Title 17, Code of Federal Regulations, Section 240.10b-5; (2) wire fraud, in violation of Sections 1343 and 1346 of Title 18, United States Code; (3) commercial bribery, in violation of the laws of the

State of New York by using the facilities of interstate commerce in violation of Section 1952(a)(3) of Title 18, United States Code; and (4) fraudulent failure to disclose compensation for stock promotion, in violation of Sections 77q(b) and 77x of Title 15, United States Code.

### OBJECTS OF THE CONSPIRACY

### Securities Fraud

21.    It was a part and object of the conspiracy that GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person, in connection with the purchase and sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and

10

78ff.

## Wire Fraud

22.  It was further a part and object of the conspiracy that GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to: (a) deprive a broker's customer of the intangible right to a broker's honest services; (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account; and (c) obtain the customer's money and property, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Sections 1343 and 1346.

## Travel Act: Commercial Bribery

23.  It was further a part and object of the conspiracy that GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants,

11

the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, would and did travel in interstate commerce and use the mails and facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, specifically, commercial bribery in violation of New York State Penal Law Sections 180.00 and 180.03 and, thereafter, would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, all in violation of Title 18, United States Code, Section 1952(a)(3).

**Fraudulent Failure to Disclose Compensation for Stock Promotion**

24.   It was further a part and object of the conspiracy that GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, directly and indirectly, by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, would and did publish, give publicity to, and circulate the following advertisements, investment services and communications, which, though not purporting to offer a security for sale, described such security for a consideration received and to be received

12

from an issuer, underwriter, and dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof in violation of Title 15, United States Code, Sections 77q(b) and 77x.

## MEANS AND METHODS OF THE CONSPIRACY

25.     Among the means and methods by which GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, together with others known and unknown, would and did carry out the conspiracy were the following:

a.     GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, and their co-conspirators, agreed that sales volume in FWEB stock, and a resulting artificial increase in its share price, would be created through fraudulent Internet website promotions and E-mails touting FWEB's stock to potential investors.

b.     GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, and their co-conspirators, agreed that sales volume in FWEB stock, and a resulting artificial increase in its share price, would be created through fraudulent newslettter mailings touting FWEB's stock to potential investors.

c.     GLENN B. LAKEN, DAVID W. BRUNO, ADAM

13

KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, and their co-conspirators, agreed that sales volume in FWEB stock, and a resulting artificial increase in its share price, would be created through secret bribes paid to stock brokers selling FWEB stock.

    d.    GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, and their co-conspirators, used facilities of interstate and foreign commerce in furtherance of the objects of the conspiracy.

OVERT ACTS

    26.    In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.    On or about March 28, 2000, CW, GLENN B. LAKEN and DAVID W. BRUNO, the defendants, spoke over interstate telephone wires and discussed the Internet promotion of FWEB stock.

    b.    On or about April 11, 2000, MICHAEL PORRICELLI, the defendant, faxed over interstate wires to DAVID W. BRUNO, the defendant, a draft agreement between Core Financial and At the Bell, relating to the promotion of FWEB stock.

    c.    On or about May 4, 2000, ADAM KRIFTCHER, and LIONEL REIFLER, the defendants, met with CW in New York, New York

14

...discuss the scheme to promote FWEB stock.

        d.    On or about May 23, 2000, PETER J. WORRELL, the defendant, met with CW in New York, New York, to discuss WORRELL's involvement in the scheme to promote FWEB stock.

        e.    On or about June 1, 2000, ADAM KRIFTCHER, the defendant, caused "wallstreetmarquee.com," to run a promotional profile on FWEB.

        (Title 18, United States Code, Section 371).

## COUNT TWO

### (Securities Fraud)

The Grand Jury further charges:

    27.    The allegations set forth in Paragraphs 1 through 17, 22 and 23 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

    28.    From in or about February 2000 to the date of the filing of this Indictment in the Southern District of New York and elsewhere, GLENN B. LAKEN, DAVID W. BRUNO, ADAM KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J. WORRELL, the defendants, unlawfully, willfully, and knowingly, in the offer and sale of securities by the use of means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did: (a) employ devices, schemes, and artifices to defraud; (b) obtain money and property by means of untrue statements of a material fact and by

15

omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in transactions, practices and courses of business which operated and would operate as a fraud and deceit upon the purchaser of the common stock of FWEB.

(Sections 78j(b) and 78ff of Title 15, United States Code, and Title 17, Code of Federal Regulations, Section 240.10b-5)

## COUNTS THREE AND FOUR

(Fraudulent Failure to Disclose Compensation for Stock Promotion)

The Grand Jury further charges:

29. The allegations contained in paragraphs 1 through 17, 22 and 23 of this Indictment are realleged and incorporated as if fully set forth herein.

30. On or about June 1, 2000, in a promotional posting on the website "atthebell.com," present on the Internet, DAVID W. BROND and ADAM KRIFTCHER, the defendants, failed to disclose to investors the full extent of the compensation they were to receive from FWEB and GLENN B. LAKEN, the defendant, in exchange for promoting FWEB's stock, to wit, BROND and KRIFTCHER disclosed that At the Bell, Inc., had received an option to purchase 12,500 free trading shares of FWEB at $1.35, when in truth and in fact, BROND and KRIFTCHER had already been compensated with an interest in 50,500 free trading shares of FWEB stock without having to pay

15

any option price for the shares.

31. On or about June 1, 2000, in a promotional posting on the website "wallstreetmarquee.com," present on the Internet, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, failed to disclose to investors the full extent of the compensation they were to receive from FWEB and GLENN B. LAKEN, the defendant, in exchange for promoting FWEB's stock, to wit, BRUNO and KRIFTCHER disclosed that "wallstreetmarquee.com," had received no compensation from FWEB in exchange for promoting FWEB's stock, when, in truth and in fact, BRUNO and KRIFTCHER had been compensated with an interest in 32,500 free trading shares of FWEB stock.

### Statutory Allegations

32. On or about the dates set forth below, in the Southern District of New York, and elsewhere, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, unlawfully, willfully, and knowingly, directly and indirectly, by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, did publish, give publicity to, and circulate the following advertisements, investment services and communications, which, though not purporting to offer a security for sale, described such security for a consideration received and to be received from an issuer, underwriter, and dealer, without fully disclosing the receipt,

17

whether past or prospective, of such consideration and the amount

thereof:

| COUNT | DATE | PUBLICATION |
|-------|------|-------------|
| THREE | 6/1/00 | Posting on "atthebell.com" website. |
| FOUR | 6/1/00 | Posting on "wallstreetmarquee.com" website. |

(Title 15, United States Code, Sections 77q(b)
and 77x; Title 18, United States Code, Section 2).

## COUNT FIVE

(Wire Fraud)

33. The allegations contained in paragraphs 1 through

17, 22 and 23 of this Indictment are realleged and incorporated

as if fully set forth herein.

34. On or about May 22, 2000, in the Southern District

of New York and elsewhere, GLENN B. LAKEN, DAVID W. BRUNO, ADAM

KRIFTCHER, MICHAEL PORRICELLI, LIONEL REIFLER, and PETER J.

WORRELL, the defendants, unlawfully, willfully, and knowingly,

having devised and intending to devise a scheme and artifice to

defraud and to obtain money and property by means of false and

fraudulent pretenses, representations and promises, namely, a

scheme and artifice, among other things, to: (a) deprive a

broker's customer of the intangible right to a broker's honest

services; (b) violate a broker's duty to disclose to his customer

all material facts concerning securities transactions in the

18

customer's account; and (c) obtain the customer's money and property, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice, to wit, GLENN B. LAKEN, the defendant, and CW spoke over interstate telephone wires regarding the execution of the scheme to defraud.

(Title 18, United States Code, Sections 1343, 1346 and 2).

## COUNT SIX

### (Conspiracy)

### (Harbour Intermodal)

The Grand Jury further charges:

### BACKGROUND

35.   The allegations set forth in Paragraphs 1 through 17, 22 and 23 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36.   At all times relevant to this Indictment, Harbour Intermodal Ltd. was a Delaware corporation that maintained its principal place of business in Newark, New Jersey.  According to its public filings, Harbour Intermodal was a development stage company that planned to provide local freight shipping among rail, truck and water transportation companies in the New York harbor area.  Harbour Intermodal's common stock was publicly traded under the ticker symbol "HICC" on the OTC Bulletin Board,

19

regulated quotation service that displayed real-time quotes, last-sale prices, and volume information for over-the-counter securities.

37. At all times relevant to this Indictment, Michael T. Gasparik, a co-conspirator not named as a defendant herein, was Harbour Intermodal's Chief Executive and Chairman of the Board, as well as its Chief Accounting Officer. Gasparik also owned, as of December 31, 1999, approximately 87 percent of Harbour Intermodal's common stock.

38. At all times relevant to this Indictment, Roger L. Pidler, a co-conspirator not named as a defendant herein, was an attorney admitted to practice in the State of New Jersey who maintained an office in Hackensack, New Jersey.

39. At all times relevant to this Indictment, The Blanchard And De Boer Charitable Remainder Trust ("The Blanchard Trust") was a trust located in Morristown, New Jersey, that was under the control of Michael T. Gasparik.

40. At all times relevant to this Indictment, Michael T. Grecco, a co-conspirator not named as a defendant herein, was a New York based stock promoter who frequently worked in association with DMN Capital and Crabbe Capital.

## THE SCHEME TO DEFRAUD

41. In early April 2000, Michael T. Gasparik, sought the assistance of CW and Michael T. Grecco in exploiting

20

Gasparik's control of the vast majority of Harbour Intermodal's stock for the purpose of raising capital for Harbour Intermodal. In a series of meetings at the office of DMN Capital, it was secretly agreed among Gasparik and Grecco, that CW and Grecco, in return for compensation in the form of the right to purchase large blocks of free trading Harbour Intermodal stock at substantial discounts, would fraudulently and artificially inflate Harbour Intermodal's share price by, among other means, arranging fraudulent Internet promotions and entering into corrupt arrangements with brokerage firms to generate fraudulent retail sales. It was further agreed that a portion of the profits from the illegal scheme would be funneled secretly to Harbour Intermodal.

42. In furtherance of the Internet promotion aspect of the scheme, Michael T. Gasparik, agreed with DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, that they would, in return for large blocks of Harbour Intermodal stock, feature Harbour Intermodal on the websites under their common control. It was part of the plan that these websites would fail to disclose material facts, including (a) the true agreement regarding the compensation to be paid to BRUNO and KRIFTCHER; (b) the fact that the Harbour Intermodal promotion was part of a capital raising transaction for the company; and (c) that BRUNO and KRIFTCHER planned to work in concert with Gasparik, Grecco, CW and others

21

and to inflate artificially Harbour Intermodal's share price.

43. In order to facilitate the unlawful scheme, and effect the transfer of large blocks of substantially discounted free trading Harbour Intermodal stock to CW, Grecco, BRUNO, KRIFTCHER, and others, Gasparik recruited Roger L. Fidler. Fidler agreed to, among other things, (a) prepare false and misleading filings and submit them to SEC; (b) prepare false and misleading contracts and documents that purposely did not reflect the true agreements among Gasparik, CW, Grecco, BRUNO, KRIFTCHER and others; and (c) render legal opinions that were fraudulently designed to insulate the illegal scheme and its participants from regulatory scrutiny and action by law enforcement officials.

44. With the assistance of Roger L. Fidler in structuring the transactions, it was agreed among Fidler, Michael T. Gasparik, Michael T. Grecco, DAVID W. BRUNO, and ADAM KRIFTCHER, that Gasparik would cause The Blanchard Trust, a purportedly independent entity, to issue options to purchase Harbour Intermodal common stock at a price of 25 cents per share to entities designated by CW, Grecco, BRUNO and KRIFTCHER. It was further agreed that, due to perceived regulatory limitations on the number of free trading shares that The Blanchard Trust could sell pursuant to any option agreement, Gasparik would cause Harbour Intermodal to register 1.3 million "units" with the SEC. Pursuant to this plan, each unit would be offered at 25 cents and

22

would consist of one share of common stock and one warrant giving the holder the right to buy a share of common stock for one cent. It was further agreed that all available units in the planned offering would be completely and exclusively purchased by entities designated by CW, Grecco, BRUNO and KRIFTCHER.

45. In furtherance of the illegal scheme, it was agreed among Michael T. Gasparik and Roger L. Fidler, that they would fraudulently conceal the following material facts, among others, in any filing with the SEC and thus from the investing public: (a) the existence of the illegal agreements described in paragraph 10 above, including the plan secretly to provide owners of brokerage firms substantially discounted Harbour Intermodal stock as a fraudulent inducement to them to sell Harbour Intermodal stock to their customers; (b) the agreement among Gasparik, Grecco, BRUNO, KRIFTCHER, with the participation of CW, to purchase all of units to be registered with the SEC; (c) GASPARIK's actual control over The Blanchard Trust; (d) the true purpose of the Blanchard Trust options, namely, to compensate Grecco, BRUNO, KRIFTCHER, CW and others for promotional services; and (e) the plan for the Blanchard Trust to sell Harbour Intermodal stock into the artificially inflated market and invest the proceeds in Harbour Intermodal to supply it with capital for the development of its business.

46. On or about May 1, 2000, Roger L. Fidler, prepared

23

option agreements that gave each of Crabbe Capital and At The Bell, Inc. the right to purchase 200,000 shares of Harbour Intermodal common stock from The Blanchard Trust at a price of 25 cents per share. Fidler acted as the attorney for The Blanchard Trust. These option agreements were authorized on behalf of The Blanchard Trust by a family member of Michael T. Gasparik, acting in her capacity as trustee.

47. In or about mid-May 2000, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, prepared and posted, on a rotating basis, promotional materials describing Harbour Intermodal's business and its common stock on websites under their common control.

## THE CONSPIRACY

48. From in or about early April 2000 to the present, in the Southern District of New York and elsewhere, DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to commit securities fraud, in violation of Sections 78j(b) and 78ff of Title 15, United States Code, and Title 17, Code of Federal Regulations, Section 240.10b-5.

24

## OBJECTS OF THE CONSPIRACY

### Securities Fraud

49.   It was a part and object of the conspiracy that DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person, in connection with the purchase and sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

### MEANS AND METHODS OF THE CONSPIRACY

50.   Among the means and methods by which DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, together with others known and unknown, would and did carry out the conspiracy were the following:

25

a.   DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, and their co-conspirators, enlisted investment bankers, stock promoters, and Internet website operators to conduct a fraudulent promotion of Harbour Intermodal common stock.

b.   DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, and their co-conspirators, planned secretly to funnel the proceeds of sales of Harbour Intermodal stock at fraudulently and artificially inflated prices to Harbour Intermodal.

c.   DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, and their co-conspirators, used a purportedly independent trust to facilitate the issuance of stock to corrupt investment bankers, stock promoters and website operators.

d.   DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, and their co-conspirators, concealed their illegal goals through Roger L. Fidler's preparation of false and misleading documents, and their plan to file materially false and misleading documents with the SEC, including a false and misleading registration statement.

e.   DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, and their co-conspirators, used facilities of interstate and foreign commerce in furtherance of the objects of the conspiracy.

**OVERT ACTS**

26

interstate and foreign commerce in furtherance of the objects of the conspiracy.

<u>**OVERT ACTS**</u>

51. In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about April 6, 2000, Michael T. Gasparik met with Michael T. Grecco and CW at DMN Capital's office.

b. On or about April 10, 2000, Michael T. Gasparik met with Michael T. Grecco, and DAVID W. BRUNO and ADAM KRIFTCHER, the defendants, at DMN Capital's office in New York, New York.

(Title 18, United States Code, Section 371).


FOREPERSON

MARY JO WHITE
United States Attorney

27

PROB 22
(Rev. 2/88)

**DOCKETED**

SEP 1 0 2008

**TRANSFER OF JURISDICTION**

Judge Coar

RECEIVED

SEP 02 2008

U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

| DOCKET NUMBER *(Tran. Court)* |
|---|
| 1:S4 00Cr. 00632-17 (WHP) |
| 1:00 Cr. 00651-01 (WHP) |

| DOCKET NUMBER *(Rec. Court)* |
|---|
| 00 cr 454 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Glen B. Laken | SOUTHERN DISTRICT OF NEW YORK | U.S. Probation |

**FILED**

035   9-9-08

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| NAME OF SENTENCING JUDGE |
|---|
| Honorable William H. Pauley III |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM March 3, 2008 | TO March 2, 2010 |
|---|---|---|

OFFENSE:

**S4 00 CR 632 (WHP)** - Racketeering Conspiracy;18USC1962(d); a Class C felony; Conspiracy to Commit Union Pension Fund Fraud and Kickback Conspiracy; 18 USC 371; a Class D felony; Wire Fraud; 18 USC 1343, 1346 and 2; a Class D felony; Payment of Illegal Kickbacks; 18 USC 1954 and 2; a Class E felony; Wire Fraud; 18 USC 1343 and 2; a Class D felony; Theft of Honest Services; 18 USC 1343, 1346 and 2; a Class D felony; Payment of Illegal Kickbacks; 18 USC 1954 and 2; a Class E felony. **00 CR 651 (WHP)** - Conspiracy to Commit Securities Fraud; 18 USC 371; a Class D felony.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

U.S. DISTRICT COURT
FILED
OCT 10 2008
S.D. OF N.Y.

UNITED STATES DISTRICT COURT FOR THE **"SOUTHERN DISTRICT OF NEW YORK"**

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF ILLINOIS** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

DOC # 850

| 8-22-08 | X (signature) |
|---|---|
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF ILLINOIS**

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

SEP 8 2008

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

BY (signature)
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 9-11-08

| (signature) James F. Holderman |
|---|
| United States District Judge |

| | |
|---|---|
| Effective Date | |

COPY



**MICHAEL W. DOBBINS**
CLERK

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

312-435-5698

September 11, 2008

Mr. John Michael McMahon
Clerk
United States District Court
120 Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Clerk:

**Re:  Case number   S4 00 cr 6321; 00 cr 651 US v Glen B. Laken**
Our case number: 00cr454  - Northern District of Illinois, Judge Coar

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding **Glen B. Laken**, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:      _____

/s/ Ellenore Duff
Deputy Clerk

Enclosure